[No. 1730.   Decided June 11, 1895.]

PACIFIC COUNTY *on the Relation of Sumner F. Lockwood,
Appellant,* v. WILLIAM ELLIS, *Respondent.*

TAXATION — EXCESSIVE ASSESSMENT — REDUCTION BY COURT IN PRO-
CEEDINGS TO COLLECT DELINQUENT TAXES.

Where proceedings have been instituted under the statute of
1893 for the collection of delinquent taxes and, upon the trial of ob-
jections thereto by the owner of the land against which judgment for
such taxes is sought, it is found by the court that the tax levied was
excessive and not uniform, the assessment cannot for that reason be
declared null and void, but the court is authorized to modify the
assessment according to the true valuation, and base its judgment
for taxes thereon.

*Appeal from Superior Court, Pacific County.*

*Lowen E. Ginn,* and *W. B. Stratton,* for appellant.

*Turney & Welsh,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case arose out of the proceedings
on the part of the treasurer of Pacific county to collect
the delinquent taxes of 1891 and prior years against
the real property in the county.   On the 24th day of
September, 1894, application for judgment was made
to the court below, to which application respondent at
said time filed written objections.   On the trial judg-
ment was rendered, on November 26, 1894, dismissing
these proceedings as to the advertised property of re-
spondent, and denying the application for judgment
for the delinquent taxes of 1891 against the property
described in the record herein.

The findings of the court show that the proceedings
in this case were dismissed upon the specific grounds
that the assessment against said property was excessive

and void, and that it was void because excessive, and that the court had no power under the revenue laws of 1893 to reduce an assessment where it was found that an overvaluation had been made by the assessor.   The substantial findings of the court are as follows:  That the above-described lands are not now, and were not at any time during the year 1891, worth any more, nor a greater sum than $6 per acre, and that the sum of $6 per acre was, during said year 1891, a full, fair, and reasonable valuation of said lands.   The court then found that certain of the lands had been assessed at $40 per acre, and certain at $48.30 per acre; that the valuation, assessment, and equalization of the said lands at the figures above mentioned were far in excess of their real value, and the assessment of improvements on objector's lands was excessive and illegal; that in assessing said lands the assessor did not use or exercise proper judgment, but arbitrarily set down values on each and every acre of said land greatly in excess of their real value; that the state and county taxes for 1891 were based on the aforesaid excessive and illegal assessment; that lands adjoining the above-described lands of objector, and in the immediate vicinity thereof, and of equal value therewith, but belonging to other persons, were assessed by the same assessor for the year 1891 at a much lower figure per acre, and that there was a gross and unjust discrimination in said assessment for the said year 1891 against the objector. The assessment against his real property and improvements thereon for the said year 1891 was not fair, uniform, and just, as contemplated by the constitution and laws of the state of Washington.   As a conclusion of law from the foregoing facts, the court found that the tax on the above-described lands for the year 1891

was excessive, and not uniform and just, and was unconstitutional, null, and void, and uncollectible.

It was evidently the opinion of the court that, the assessor having discriminated against the objector and having assessed his property at an excessive valuation, such acts on the part of the assessor rendered the assessment absolutely null and void, and that the court was powerless under the statute to modify such assessment.   We do not think that this contention can or ought to be sustained.   The collection of the revenues of the government would stand upon an uncertain and precarious footing if the ascertainment of the fact that property had been assessed at an excessive value would render the assessment absolutely void, so that the real and true amount of taxes due could not be collected. Such, we think, was not the intention of the statute, and this question has already been squarely passed upon by this court in the case of *Benn v. County of Chehalis*, 11 Wash. 134 (39 Pac. 365).   There the court said:

"Upon the conceded facts as to the assessment and taxation in question, it would be the duty of the court, when the county at the end of two years asked for judgment for the taxes in question, upon objections by the owner of the property, to reduce the amount thereof, and provide for the collection only of such remainder as under all the circumstances should seem just.   The result to the county would be the same as though its proper officers were now required to receive such sum as would be just, and be thereafter prohibited from collecting the remainder; and since that was the object sought by the plaintiff in this action, the granting of the prayer of his complaint, upon the confession of the facts stated therein, was within the jurisdiction of a court of equity."

In fact, under the pleadings in the case at bar, the

objector should be precluded from raising an objection to paying taxes on the true valuation of his property, as he has stated in his objections to the court that he was then, and at all times had been, ready and willing to pay a fair and uniform tax on the above described lands, levied on a fair, full and uniform assessment on the valuation thereof. The court in this instance has found that $6 an acre on the lands described was a fair valuation for the year 1891.

In the case of *Lockwood v. Roys*, 11 Wash. 697 (40 Pac. 346), we held that the assessment in that case was absolutely void, because the values of adjoining lots were not attached to each particular lot, but that lots which were not contiguous were lumped together, and valued as a whole; and it is claimed by the respondent here in oral argument that this case falls within the decision rendered in that case, because the land was assessed in a body. But the land in the case in question is farm land, and does not come within the reason of the rule laid down in the other case.

Were we to decide this case upon the record as presented to us here, we think we should find that the land assessed, at the time it was assessed in 1891, was of a greater value than the value found by the court. Witnesses who testified concerning the value of this land could scarcely, probably, realize the actual difference in the price of land at the time at which they were testifying, and the price of land in 1891,—could not in fact realize that they were "looking backward," —and it would be very difficult for them to prevent the present value from influencing their judgment. However, as the court saw all the witnesses and heard them testify, we think we would not be justified in disapproving its judgment on that question. The judgment of the court will therefore be reversed, and

the cause remanded, with instructions to the lower court to enter judgment against the objector for the collection of the taxes of 1891 on the basis of the value of $6 per acre on the lands described; the appellant to recover its costs.

Hoyt, C. J., and Anders, Gordon and Scott, JJ., concur.