[No. 2375. Decided November 23, 1896.]

## THE CITY OF OLYMPIA, *Appellant*, v. HAZARD STEVENS, *Appellant*.

TAXATION — FORECLOSURE OF LIEN — INSUFFICIENCY OF ASSESSMENT ROLL — ILLEGAL VALUATION — EVIDENCE.

*Semble*, that a defendant cannot raise an objection to the sufficiency of an assessment roll in a suit for foreclosure of a tax lien, although he has entered a plea of general denial, when he has also in an affirmative defense set up facts inconsistent therewith.

An assessment roll, which is sufficient to authorize the proper officer of the city to collect the taxes is, *prima facie* sufficient to authorize the court to decree foreclosure for non-payment of such taxes.

A finding that a board of equalization had raised the valuation of city property to a higher sum than they considered it worth, is not warranted by evidence tending to show that the valuation placed on the property by the assessor was nearer its cash value, and that several members of the board had made statements to the effect that it was necessary to place a high valuation upon the property of the city to enable it to meet necessary obligations, when the positive evidence of the members of the board is that they had no intention of raising the value of property beyond what was believed to be its cash value.

No question of fact as to the valuation placed on property can be raised in an action to foreclose a tax lien thereon, unless it is first shown that the action of the board of equalization in valuing it was illegal or fraudulent.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge. Reversed.

*A. J. Falknor*, and *Preston M. Troy*, for appellant.

*Charles H. Ayer, Charles M. Dial,* and *George Don-worth,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to foreclose the lien upon the property of the defendant, created by certain taxes which it was alleged had been assessed against it. After certain denials, the defendants set up two affirmative defenses; the first founded upon the claim that the assessment roll had not been properly certified, and the second upon the allegation that the board of equalization had, in pursuance of an illegal combination, fraudulently raised the value of the property as returned by the assessor; that the increase of valuation was not for the purpose of equalizing the value of the property of the city, but for the purpose of increasing its total valuation, to the end that larger indebtedness might be incurred. Trial was had and the conclusion reached by the court that the assessment was sufficient, and that such amount of the taxes as would have been properly levied upon the values returned by the assessor were a lien upon the property, and that therefore the city was entitled to a decree of foreclosure; but that the action of the board of equalization in raising the value returned by the assessor was illegal, and that the taxes levied upon such increased amount could not be collected.

Each of the parties appealed to this court, and these appeals present two questions for consideration, one upon the appeal of the defendant which grows out of the action of the court in denying his motion for a non-suit at the close of plaintiff's case; the other upon the appeal of the plaintiff which challenges the sufficiency of the evidence to sustain the finding to the effect that the board of equalization had acted fraudu-

lently or illegally in raising the valuation made by the assessor. Upon the first question defendant contends that the motion for non-suit should have been granted for the reasons, (1) that the assessment roll offered in evidence was not sufficiently identified or authenticated; (2) that such roll, if regular, was not sufficient to show that the taxes had been levied as set out therein. The trial court found as a fact that the roll had been properly identified, and that the certificate thereto was sufficient, and there was, in our opinion, sufficient evidence to sustain this finding.

As to the second reason, it might well be held that defendant was not in a situation to avail himself of the insufficiency of the proof of the levy of the assessment, if such insufficiency existed. For while it is true that there were general denials contained in his answer, some of them at least were inconsistent with the facts set up in the affirmative defenses.

. But, in our opinion, the proofs upon the part of the plaintiff were sufficient to establish at least a *prima facie* case. Under the ordinances which were introduced in evidence, and the statutes in force relating to the assessment and collection of taxes in cities of this class, the assessment roll, when regularly certified, was sufficient to authorize the collection of the taxes assessed against the property therein named; and if it was sufficient to authorize the proper officer of the city to collect the taxes, it was *prima facie* sufficient to authorize the court to decree foreclosure for non-payment of such taxes. Especially is this true when taken in connection with the other proofs offered on the part of the plaintiff.

To show improper action on the part of the board of equalization, evidence was introduced which tended to show that the valuation made by the assessor was

nearer the cash value of the property than the valuation placed thereon by the board of equalization, and that statements had been made by three or four of the members of such board to the effect that it was necessary to place a high valuation upon the property of the city to enable it to meet necessary obligations.

It is not necessary to decide the effect of statements by the members of the board that such board would raise the value of the property beyond what was believed to be its cash value, for the reason that none of the statements proven fairly warrant the assumption that any such action was intended. The statements testified to did not show any such illegal intention. The most that they tended to show was that, by reason of the financial condition of the city, it was necessary that its property should be kept at a high valuation, and there was not a suggestion even that, for that or any other reason, it was the intention of the board to value the property at a higher sum than they considered it to be worth. But even if some of the statements would have warranted the inference that such was the intention, it was at most but a rebuttable inference, and was so clearly overcome by the positive evidence of the members of the board as to their action that a finding in accordance with such inference cannot be allowed to stand.

It will not do to convict public bodies, the members of which are acting under the sanction of an oath, of improper action, without proof which can be fairly explained upon no other hypothesis than that of such improper action. The facts shown by the evidence, construed most strongly against the board, can all be harmonized with proper action on their part, and this being so it must be so harmonized. That part of the proof which tended to show that the value of the

property was less than that placed upon it by the board of equalization was without force, except that, in connection with other facts, it might have had a tendency to show fraudulent action on the part of the board of equalization. No question of fact could be presented as to the value placed upon the property unless it was first shown that the action of the board in valuing it was illegal or fraudulent. In our opinion the city made out a *prima facie* case, and it was not overcome by the proof offered on the part of the defendant.

The judgment will be reversed and the cause remanded with instructions to enter a decree as prayed for in the complaint.

DUNBAR and ANDERS, JJ., concur.

GORDON, J., concurs in the result.