[No. 6499.  Decided April 6, 1907.]

## M. G. Solberg, *Appellant*, v. Edward A. Baldwin *et al.,* *Respondents.*[1]

Taxation—Foreclosure—Defenses. Laws 1899, p. 299, § 18, providing that if, in a tax foreclosure, a defense in writing specify a particular "cause of objection," the court shall hear the same in a summary manner without other pleadings, does not restrict defenses to matters pertaining to the levy and assessment of the tax, or preclude the overruling of a demurrer to a cross-complaint.

Same—Defenses—Payment—Fraud—Answer—Sufficiency. An answer denominated a cross-complaint, in a tax foreclosure, is in reality a "statement of new matter constituting a defense," viz., a plea of payment, where it alleges a fraudulent payment of the taxes by one while in possession and receiving rents and profits, who took out a certificate of delinquency in the name of others for the purpose of defrauding creditors of the owners; and under such circumstances a court of equity will not decree a sale of the land for the taxes so paid.

Same—Payment. Payment of taxes can be pleaded to defeat a tax foreclosure, even as against the state.

Same—Tender. A tender of a tax is not essential to a defense to a tax foreclosure, where the plea is that the taxes were paid by one in possession having money rightfully applicable thereto, and that the tax title was fraudulently taken in the name of another who was but a dummy for the payor of the taxes.

Same—Fraud—Payment to Strengthen Title. One paying taxes for the purpose of defrauding creditors of the owner of the land does not stand in the position of one who acquires a tax title for the purpose of strengthening his own title, and can acquire no rights by such payment.

Appeal from a judgment of the superior court for Clallam county, Hatch., J., entered June 5, 1906, in favor of the answering defendant, upon overruling a demurrer to the cross-complaint, in an action to foreclose a tax lien.   Affirmed.

*James Stewart* and *Brownell & Coleman,* for appellant.

*Trumbull & Trumbull,* for respondents.

[1]Reported in 89 Pac. 561.

FULLERTON, J.—The appellant brought this action to.
foreclose a certificate of delinquency issued for., delinquent
taxes assessed upon certain real property in the county of
Clallam.   The complaint in foreclosure was in the statutory
form, and contained the usual notice to the effect that appli-
cation would be made to the superior court of Clallam county
on a date named for a judgment foreclosing the lien of the
certificate.   Of the several parties defendant, all defaulted
except R. K. Brown and wife, who answered by general de-
nials, and by a statement of new matter in the form of a
cross-complaint.   In the cross-complaint, after the formal
allegations, it was alleged that on and prior to July 18,
1899, the defendant Union Savings and Loan Association
was the owner of the property covered by the certificate of
delinquency, and on that date conveyed the same to the de-
fendant Edward A. Baldwin, without any consideration, and
as a result of conspiracy entered into between the officers of
the defendant association to defraud the corporation's cred-
itors and obtain its property for the benefit of its officers, of
whom the defendant Baldwin was one.   That at the time of
the conveyance mentioned, the answering defendant was a
creditor of the association, and shortly thereafter obtained a
judgment against it for some $2,500; that an execution was
issued thereon and the property sold to him, said sale taking
place in December, 1902.   That prior to the sale last men-
tioned, Baldwin and wife had conveyed the property without
consideration to the defendant the Co-operative Investment
Company, that sale also being a part of the scheme to cheat
and defraud the creditors of the Savings Association.   That.
after purchasing the property at his own execution sale, the
respondent Brown began an action against the Co-operative
Investment Company and the other conspirators, to set aside
the conveyances from the Savings Association to Baldwin and
from Baldwin to the Co-operative Investment Company,
against which Baldwin and the Co-operative Investment Com-
pany alone defended, the other defendants therein making de-

fault; that a trial was had after issue joined, which resulted in a finding and decree to the effect that the conveyances to Baldwin and the Co-operative Investment Company were fraudulent and void, and that this defendant had acquired title to the property by virtue of his judgment and the sale thereunder.

It is further alleged in the cross-complaint that Baldwin and other officers of the Savings Association organized, in 1900, under the laws of Oregon, another corporation known as the Tax Title Company, the same being organized to better carry out the conspiracy to absorb the property of the Savings Association; that this corporation had no assets or business, and was used by Baldwin as a means of concealing his identity, and disguising his transactions; that in pursuance of the conspiracy to defraud the creditors of the Savings Association, Baldwin paid the taxes on the property in question here on March 23, 1902, for the years 1897 to 1900 inclusive, but instead of taking a receipt therefor, he represented that the payment was made by the Tax Title Company and procured the treasurer of Clallam county to issue a certificate of delinquency therefor to the Tax Title Company; that the Tax Title Company never had possession of the certificate, but the same was retained by Baldwin; that Baldwin paid the taxes on the land for the years 1901, 1902, 1903, and 1904, as the same became due, but took a receipt for the year 1901 only in his own name (the receipt for the year 1902 being taken in the name of the Tax Title Company, that for the year 1903 in. the name of the Co-operative Investment Company, and that for. the year 1904 in the name of the appellant M. G. Solberg); that all of said taxes were paid while the lands were in the possession of Baldwin and his tenants, who were collecting the rents and revenues of the same; the 15th and 16th paragraphs of the cross-complaint being as follows:

"That on or about the 1st day of May, 1905, the said Baldwin knew that the said suit numbered 1939 to vacate and

set aside said fraudulent conveyances would be tried in a short time, and for the purpose of anticipating an adverse decision in said cause, and to embarrass the plaintiff in said cause, caused this proceeding to be instituted to foreclose said pretended delinquency tax certificate number 338, and to that end fraudulently conspired with the plaintiff herein, G. M. Solberg, to have her pretend and allege to be the owner and holder of said certificate and that she had paid the subsequent taxes, when in truth and in fact she is not the owner or holder of said certificate and never paid any consideration therefor and has not paid the subsequent taxes and has no interest whatever in said certificate or said taxes or in this proceeding to foreclose said certificate of delinquency, and is acting solely as a dummy in this proceeding for the said E. A. Baldwin and wife to aid them to hold and retain the said property, and if they failed in that, to aid them in retaining the benefit of the rents and profits of said property and at the same time compel the said R. K. Brown and wife to reimburse them for the taxes paid by them while in possession of said premises, besides large accumulations of interest at the rate of fifteen per cent.

"That the said E. A. Baldwin and wife and the Co-operative Investment Company are nonresidents of the state of Washington and have no property therein, and if the said R. K. Brown and wife are compelled to pay said taxes and interest they will have no remedy against the said Baldwin and wife and the Co-operative Investment Co. to recover the rents and profits and thereby recoup themselves for said taxes."

The prayer was that the plaintiff take nothing by the proceeding, and for costs.

To the cross-complaint the appellant Solberg demurred on the grounds, (1) that the court had no jurisdiction of the subject-matter of the action set out in the cross-complaint, and (2) that the cross-complaint did not state facts sufficient to entitle the cross-complainants to the relief demanded, or to any relief. The demurrer was overruled by the court, whereupon the appellant elected to stand thereon and refused to plead further. Judgment was thereupon en-

tered in favor of the defendant Brown according to the prayer of his cross-complaint. Solberg alone appeals.

Of the errors assigned for reversal, the first proper to be noticed is the contention that cross-complaints are inhibited by the statute providing for the foreclosure of certificates of delinquency. The statute provides that the court shall examine each application for foreclosure, and if a defense in writing specifying the particular cause of objection be offered by any person interested in the foreclosure, the court shall hear and determine the matter in a summary manner, and without other pleadings. Laws 1899, p. 299, § 18. The appellant argues that under this statute it was plainly the duty of the court to sustain the demurrer to the new matter set out in the respondents' answer, because it is evident that the only matter that can be a cause of objection to a tax foreclosure is something pertaining to the tax itself, and the cross-complaint set up new matter in no way connected with the tax proceeding. But the statute, it will be noticed, does not in terms limit the "cause of objection" to matters pertaining to the levy and assessment of the tax, and it is evident that it did not so intend from the fact that it elsewhere provides that payment of the tax may be shown to defeat even a tax deed. Laws 1897, p. 190, § 114; *Smith v. Jansen*, 43 Wash. 6, 85 Pac. 672. It is evident, moreover, that while the respondent Brown has denominated his answer a cross-complaint, it is not in fact a cross-complaint, but is in reality a "statement of new matter constituting a defense," as the general practice act defines it, namely, a plea of payment. It alleges in effect that Baldwin while wrongfully in possession of the premises, and collecting the rents and profits, paid the tax, but for the purpose of cheating and defrauding the creditors of the former owner and the real owner of the property, took receipts and certificates of delinquency in the names of others. This being true—and it is confessed to be true by the demurrer—equity will not permit him to sell the land for the taxes so paid.

We do not think, therefore, that the defense sought to be interposed is one forbidden by the statute.

It is next suggested that no defense can be pleaded against the appellant that could not be pleaded against the state itself. But conceding this to be true, it does not aid the appellant here, for as we construe the answer, it is a plea of payment, and payment can be pleaded against a foreclosure to recover supposed delinquent taxes even when the suit is by the state.

The contention that a tender of the taxes should have been made is met by the same objection. The taxes were paid at a time when the payor had money that rightfully belonged to the respondent which remained unaccounted for at the time this action was instituted. There was, therefore, no legal or moral obligation on the part of the respondent Brown to repay them to the appellant, who is confessedly but a dummy acting for the payor.

Again, it is said that it is lawful for one having a doubtful title to strengthen himself by procuring a tax title. Granted that this be true, there is no evidence in this record that such was the purpose of Baldwin. For the facts of the case, we must look to the respondents' answer, which the appellant confesses to be true. It is there alleged that Baldwin paid the taxes and took the receipts and certificates for the purpose of cheating and defrauding the respondent Brown, not for the purpose of strengthening his own title. This question therefore has no place in the case. It is the same with the contentions that it was Brown's duty to pay the taxes, that the appellant was not a party to the judgments set out in the answer, and that no credit is offered for the amount of the taxes on the judgments obtained against Baldwin. The record does not disclose any facts by which these contentions become pertinent.

The judgment is affirmed.

HADLEY, C. J., CROW, ROOT, MOUNT, and DUNBAR, JJ., concur.