[No. 24611.   *En Banc.*   July 7, 1933.]

WESTERN FINANCE CORPORATION, *Appellant,* v. THURS-
TON COUNTY *et al.,  Respondents.*[1]

*J. T. Trullinger* and *W. H. Abel,* for appellant.

*The Attorney General, George Downer, Assistant, Harold P. Troy,* and *Smith Troy,* for respondents.

STEINERT, J.—This is an action brought by a tax-payer to enjoin a sale upon distraint of personal property for delinquent personal property taxes for the years 1930 and 1931.   A demurrer to the complaint having been sustained and the plaintiff having elected

[1]Reported in 23 P. (2d) 576.

to stand upon its pleading, a judgment of dismissal was entered, from which plaintiff appeals.

No question of jeopardy distraint is here involved, inasmuch as the complaint alleges that the property has been in the possession of the appellant ever since its assessment, and that the taxing officials have no reasonable, or any, grounds for believing that the property was about to be removed from the county of its assessment, or that it would be destroyed, sold or disposed of.

█ The sole question presented is whether the prohibition against the institution and prosecution of tax foreclosure proceedings contained in the last proviso of § 1, Chap. 53, Laws of 1933, p. 286 [Rem. 1933 Sup., § 11273-1], applies to distraints of personal property for delinquent taxes for the years here involved.

The title of the act in question reads as follows:

"An act relating to the collection of taxes, providing for the remission of interest and principal upon delinquent real and personal property taxes, providing for payment of delinquent real property taxes in installments and declaring that this act shall take effect immediately."

Section 1 of the act reads as follows:

"All accrued interest on delinquent real and personal property taxes for the year 1931 and prior years shall be and the same are hereby remitted on the year or years for which taxes are paid, if the taxes or one-half of the taxes for any of said years are paid in full at any one time on or before the first day of March, 1934; *Provided,* That the remission of interest herein provided for shall not apply to any tax upon which a judgment has been entered or a certificate of delinquency has been issued to any person other than the county; *Provided, further,* That there shall be an additional allowance of five per cent (5%) rebate to all persons paying any year or years of said delinquent taxes on or before November 30, 1933; *Provided, fur-*

*ther,* No county shall institute or further prosecute any tax foreclosure proceedings until after March 1st, 1934.'' Rem. 1933 Sup., § 11273-1.

We are here concerned with the construction to be placed upon the last proviso of this section.

It will be observed that the title of the act relates to the collection of taxes generally, and not to the collection of real property taxes only. It will be further observed that the title provides for the remission of interest and principal upon delinquent real *and* personal property taxes, and not merely upon delinquent real property taxes. Referring to the body of the act, § 1, *supra,* it will be observed that the operative portion of the section preceding the provisos deals with the remission of all accrued interest on delinquent real *and* personal property taxes, and is not limited to delinquent real property taxes; further, that the second proviso of the section makes an additional allowance of five per cent rebate to all persons paying any year or years of ''said'' delinquent taxes, obviously referring to the real and personal property taxes previously mentioned. It seems apparent to us that the intention of the legislature was, manifestly, to extend the time of payment of all delinquent taxes, under the limitations prescribed in the act.

The respondent contends that the concluding proviso of § 1 above quoted does not apply to distraints of personal property for the collection of delinquent personal property taxes, but refers only to foreclosure proceedings, and that therefore an action will not lie in favor of a taxpayer to enjoin distraint proceedings. The contention proceeds upon the argument that, in this state, there are two distinct methods of collecting taxes; that real property taxes are collected through foreclosure proceedings by deliberative court action, while personal property taxes are collected through

summary distraint proceedings; that the nomenclature employed and the procedure followed under these two methods are entirely separate and distinct; and that, therefore, the legislature, in enacting the section of the statute now under consideration, including the particular proviso, did not intend to prevent or stay distraint proceedings, else it would have specifically said so.

The argument is forceful, it must be admitted, and if the proviso were permitted to be torn from its setting it would probably be susceptible only of respondent's construction. But when the proviso is read in the light of its full context and considered from the angle formed by the title and the operative portions of the act, and interpreted according to the obvious intent of the law-making body passing the act, it is not to be given so restrictive a construction and effect. As we have already said, the act, according to its title, relates to the collection of delinquent taxes generally, not merely to delinquent real property taxes. The remission of interest is not confined to delinquent real property taxes, but is extended to delinquent personal property taxes as well.

It is a matter of common knowledge that the act was passed in response to an acute situation affecting both the taxpayers and the units of government which depend upon them financially for their existence. Undoubtedly, the purpose of the act was to furnish some measure of relief to those who were about to lose their property through their inability to pay the delinquent taxes, and also to afford them some incentive to procure and contribute the funds necessary to the support of state, county and municipal government. In the light of this condition and the purposes intended to be accomplished, why should the legislature forbid foreclosure as to real estate and deny an equivalent mora-

torium as to personal property? The purpose would be only partly accomplished if such distinction were made.

Proceeding a step further, if delinquent interest is to be remitted, conditionally, upon payment prior to March 1, 1934, of what avail would such privilege be if the tax collector were permitted or required to sell the property summarily before that date? It is not to be lightly assumed that a privilege was to be extended and at the same time its exercise frustrated. The act in question contains an emergency clause. The need for such emergency clause was immediately urgent in cases of distraint, while in ordinary foreclosure actions it was, at any rate, not entirely so. Under Rem. Rev. Stat., § 11276, the foreclosure of a certificate of delinquency can not take place until after the expiration of three years from the original date of delinquency. Taxes which have become delinquent for 1930 and subsequent years could not be foreclosed in any event until 1934.

The statute before us is remedial in its nature, having for its end the promotion of beneficial public objects, namely, the relief of the taxpayer and at the same time a stimulation to payment of delinquent taxes. We think that under a logical, as well as under a practical, construction of the statute, it must be held that it applies to distraint proceedings for delinquent personal property taxes.

The judgment is therefore reversed, with direction to the trial court to overrule the demurrer to the complaint.

MAIN, MITCHELL, BLAKE, MILLARD, and HOLCOMB, JJ., concur.

BEALS, C. J., and TOLMAN, J., dissent.