[No. 25921. Department Two. April 20, 1936.]

LYDIA CHURCH et al., Respondents, v. BENTON COUNTY et al., Appellants.[1]

*The Attorney General, W. A. Toner, Assistant, C. L. Holcomb,* and *Kenneth E. Serier,* for appellants.

*Moulton & Powell,* for respondents.

[1]Reported in 56 P. (2d) 1010.

BEALS, J.—Plaintiffs, the owners of two tracts of land in Benton county aggregating approximately sixty acres in area, instituted this action for the purpose of securing a reduction in the amount of taxes levied against their land for the years 1928 to 1933, both inclusive. They alleged that a tax in the amount of $268.19 would be just and equitable, and asked that all taxes for the years mentioned in excess of that amount be cancelled.

The amended complaint alleged that the assessed valuation of their land was greatly in excess of the actual value thereof, and that the county officials had, during the year 1932, reappraised their lands and many others in the county for assessment purposes, and that the figures then fixed represented the fair assessed valuation of their property, this assessment showing a considerable decrease in the prior valuations. Plaintiffs alleged that they had tendered to the county treasurer the amount which they contended represented the tax upon a fair and reasonable valuation, and that their tender had been refused. Plaintiffs also alleged that the board of county commissioners and the prosecuting attorney of Benton county were ready and willing to settle and compromise the action and to agree with plaintiffs, subject to the approval of the court, that the valuation of plaintiff's property for taxation purposes had been excessive, and that, subject to the court's approval, some less amount than the tax levied should be paid by plaintiffs and the tax liens discharged.

Defendants moved to strike many paragraphs from plaintiffs' amended complaint and also demurred thereto. Upon their motion and demurrer being denied and overruled, respectively, defendants answered, admitting that, for the years 1928 and 1929, a portion of plaintiffs' property had been overassessed, alleg-

ing, however, that the county assessor had, at the time the assessments were made, used his best judgment, and that the assessment was not disproportionate to that of other property in Benton county of the same general character. Defendants also affirmatively pleaded that the action had not been commenced by plaintiffs within the time limited by law, that the action was without support in law, and that defendants had no authority to make any settlement or agreement whereby plaintiffs could pay any less sum than the taxes as levied, for the reason that plaintiffs had failed to pay the taxes under protest prior to commencing the action.

Plaintiffs having replied to the affirmative matter contained in defendants' answer, the action was tried to the court, partly upon stipulated facts and partly upon evidence. The court made findings of fact and conclusions of law in plaintiffs' favor and entered its judgment canceling all taxes against plaintiffs' property for the years 1928 and 1929 in excess of the sum of $390, conditioned upon payment of the taxes before a date fixed in the judgment; the judgment further providing that the treasurer was authorized to accept the amount specified, and that the same be considered as a settlement and compromise of the action. From this judgment, the defendants have appealed, contending that the court had no jurisdiction of the defendants nor of the subject matter of the action, that the complaint failed to state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law.

The following sections of the statute are pertinent to the question to be here decided:

Rem. Rev. Stat., § 11220 [P. C. § 6882-68]: ". . . Boards of county commissioners as such shall at no time have any authority to change the valuation of

the property of any person or to release or commute in whole or in part the taxes due on the property of any person." (L. '25, Ex. Ses., p. 269, § 68.)

Rem. Rev. Stat., § 11315-2 [P. C. § 6882-190]: "In all cases of the levy of taxes for public revenue which are deemed unlawful or excessive by the person, firm or corporation whose property is taxed, or from whom such tax is demanded or enforced, such person, firm or corporation may pay such tax or any part thereof deemed unlawful, under written protest setting forth all of the grounds upon which such tax is claimed to be unlawful or excessive; and thereupon the person, firm or corporation so paying, or his or its legal representatives or assigns, may bring an action in the superior court against the state, county or municipality by whose officers the same was collected, to recover such tax, or any portion thereof, so paid under protest: Provided, That this act shall not be deemed to enlarge the grounds upon which taxes may now be recovered: And provided further, That no claim need be presented to the state or county or municipality, or any of their respective officers, for the return of such protested tax as a condition precedent to the institution of such action." (L. '31, p. 201, § 2.)

Rem. Rev. Stat., § 11315-6 [P. C. § 6882-194]: "No action instituted pursuant to this act or otherwise to recover any tax assessed or levied prior to the passage of this act shall be brought subsequent to January 30th, 1932. No action instituted pursuant to this act or otherwise to recover any tax levied or assessed subsequent to the passage of this act shall be commenced after the 30th day of the next succeeding January following the date when said tax is payable." (L. '31, p. 204, § 6.)

Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195]: "Except as permitted by this act, no action shall ever be brought attacking the validity of any tax, or any portion of any tax: Provided, however, That this section shall not be construed as depriving the defendants in any tax foreclosure proceeding of any valid defense allowed by law to the tax sought to be foreclosed therein." (L. '31, p. 204, § 7.)

Rem. 1933 Sup., § 11315-8a: "Whenever any action shall be commenced, or is pending, involving the valuation of property made by state or county officials for taxation purposes, in which action a reduction is sought of the assessed valuation of the property and the taxes levied thereon, or recovery of taxes paid under protest, the board of county commissioners and the prosecuting attorney of any county involved in such litigation may settle and compromise the same and agree with the plaintiff taxpayer as to the valuation of the property for taxation purposes for the year or years involved in the litigation and the amount of taxes and interest, if any, which shall be due thereon. Before any such settlement or compromise is consummated the terms thereof shall be submitted to the court in which the action is pending, and if the court shall find, upon evidence submitted, that such settlement is fair and just and in the public interest, judgment or decree shall be entered accordingly; otherwise, the settlement shall not be consummated: . . ." (L. '33, p. 130, chapter 10, § 1.)

Appellants contend that the section last quoted is merely supplementary to the sections quoted from chapter 62, Laws of 1931, p. 201, Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189] *et seq.*, while respondents contend that the act of 1933 is complete in itself and applies to any action involving the valuation of property for taxation purposes, etc.

The second section of the act of 1933 repeals all acts and parts of acts in conflict therewith, and respondents argue that, if the later act is in conflict with the act of 1931, the older act has been repealed. The general rule is stated in *Paine v. State,* 156 Wash. 31, 286 Pac. 89, as follows:

"We do not lose sight of the rule that repeals by implication are not favored, and that the statute will not be held to have repealed a preceding statute by implication when the two can stand together. How-

ever, where, as in the case at bar, the two statutes prescribe different and inconsistent rules of action about the same thing, and are in conflict, the later statute prevails."

The question here is: Can the two acts stand together, or is the later act in conflict with the former? The pertinent portion of the 1933 act, *supra,* by its terms directly contemplates such an action as is referred to in the act of 1931, one to recover taxes paid under protest. It also applies to an action for the reduction of the assessed valuation of property and the taxes levied thereon. Respondents argue that this must mean that the legislature intended that the act should govern in such situations as this, as well as actions for the recovery of taxes paid under protest. This cause is within the scope of the act of 1931, and manifestly respondents did not bring themselves within the terms of that act, as they did not pay the taxes, nor did they commence their suit within the time limited.

It cannot be held that, by the act of 1933, the legislature intended to repeal the prior act by implication. The two acts may be read together and both stand, the later act applying to certain situations within, and some possibly without, the 1931 statute.

In the case of *Kruesel v. Collin,* 171 Wash. 200, 17 P. (2d) 854, this court said:

"It is a cardinal rule of statutory construction that, where there are two or more statutes dealing with the same subject they will be construed so as to maintain the integrity of both."

The 1933 act was considered by this court in the case of *State ex rel. King County v. State Tax Commission,* 174 Wash. 336, 24 P. (2d) 1094, in which this court held that the later act did not repeal chapter 106, Laws of 1931, p. 306, Rem. Rev. Stat., § 11301

[P. C. § 6882-197] *et seq.*, an act providing for the reassessment and retaxation of property. We held that the two acts then being considered could stand together, repeals by implication not being favored.

We are convinced that it must be held that the sections from the act of 1931, above quoted, are still in effect, and that respondents, not having by their allegations or proof brought themselves within the terms of these sections, are not entitled to any relief.

The judgment appealed from is accordingly reversed, with instructions to dismiss the action.

MILLARD, C. J., BLAKE, MAIN, and GERAGHTY, JJ., concur.