[No. 26545. *En Banc.* May 25, 1937.]

WESTERN MACHINERY EXCHANGE, *Appellant,* v. GRAYS
HARBOR COUNTY *et al., Respondents.*[1]

[1]Reported in 68 P. (2d) 613.

*Karl R. Bendetson,* for appellant.

*Paul O. Manley,* for respondents.

BEALS, J.—Plaintiff, Western Machinery Exchange, a corporation, being the owner of certain personal property in Grays Harbor county, against which property the county treasurer was seeking to foreclose a tax lien by the statutory process of distraint, instituted this action for the purpose of procuring a reduction in the amount of the tax and a decree requiring the county and its treasurer to accept a reduced amount in full of the unpaid taxes for the years 1930 to 1936, inclusive; plaintiff also asking for an injunction restraining the county treasurer from proceeding to sell the property during the pendency of the action.

In its complaint, plaintiff alleged that the personal property referred to therein was subject to taxes for the years 1930 to 1935, inclusive, in the sum of $8,249.44, and had been assessed for the year 1936 in the sum of $582.09; that the taxes so alleged were arbitrary, illegal, fraudulent and excessive, because based upon a valuation grossly in excess of the fair true market value of the property, and also in excess of the valuation thereof for purposes of taxation, as compared with like property similarly situated; that the taxing agencies of the county had valued the property referred to at twice the amount at which they should have valued it for taxation purposes.

A temporary restraining order was issued, and the defendants required to show cause why the same should not be made permanent. The defendants demurred to the complaint upon the grounds that the court had no jurisdiction; that several causes of action were improperly united; that the complaint failed to state facts sufficient to constitute a cause of action; and that the action had not been commenced within

the time limited by law. Plaintiff's complaint was amended by adding thereto allegations to the effect that, unless the sale under the distress instituted by the county treasurer should be restrained, plaintiff would have no opportunity to assert in the tax foreclosure proceeding the facts pleaded in its complaint. After argument, the superior court entered an order sustaining the demurrer, and, plaintiff having elected to stand on its complaint, judgment was entered dismissing the action, from which plaintiff has appealed.

Section 1, chapter 62, Laws of 1931, p. 201, entitled "Actions to Recover Illegal Taxes," provides that neither the collection of a tax nor the sale of property for non-payment of any tax shall be restrained, except

" . . . (1) Where the law under which the tax is imposed is void; and

"(2) Where the property upon which the tax is imposed is exempt from taxation." (Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189].)

By § 2 of the act, p. 201 (Rem. Rev. Stat., § 11315-2 [P. C. § 6882-190]), it is provided that, if a tax be deemed unlawful or excessive, the owner of the property taxed may pay the same under written protest, and then bring an action to recover the tax or any portion thereof which may be held illegal.

Section 7 of the act, p. 204, reads as follows:

"Except as permitted by this act, no action shall ever be brought attacking the validity of any tax, or any portion of any tax: *Provided, however,* That this section shall not be construed as depriving the defendants in any tax foreclosure proceeding of any valid defense allowed by law to the tax sought to be foreclosed therein." (Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195].)

Appellant relies upon the section last quoted, and in the first place contends that, as in a proceeding

by way of distress instituted by the county treasurer for the enforcement of a tax lien against personal property, no formal court proceeding is instituted, appellant in the case at bar, suing the county and its treasurer to enjoin the collection of an alleged illegal tax, occupies in law and in fact the position of defendant, within the purview of § 7, *supra*. In this connection, appellant cites the opinion of this court in the case of *Elder v. Massachusetts Mortgage Co.*, 159 Wash. 450, 293 Pac. 711, 85 A. L. R. 638, in which it was held that a mortgagor who, as plaintiff, removed to the superior court a chattel mortgage foreclosure commenced against him by notice and sale, occupied in the superior court, although nominally plaintiff in the proceeding, the position of a defendant resisting an attempted foreclosure of the mortgage.

As the summary tax foreclosure by way of distress which may be initiated by a county treasurer for the purpose of enforcing payment of a tax against personal property is not a proceeding in court, and affords the owner of the property no lawful method of resisting the same, save by the institution of an action before the superior court, we assume for the purposes of this case, without deciding, that appellant's argument is well taken, and that in the case at bar appellant occupies, in fact and in law, the position of a defendant in a tax foreclosure proceeding, and if his complaint states a valid defense to the tax foreclosure, the court could enjoin the county treasurer from proceeding to summarily sell the property until the merits of the action could be determined.

Appellant argues that the proviso in § 7, *supra,* preserves to a defendant in any tax foreclosure proceeding the right to urge that the tax sought to be foreclosed is based upon a valuation so excessive as to constitute a fraud against the taxpayer, and that such a de-

fense must be held to be a "valid defense allowed by law," within the scope of the proviso. It is doubtless true, as argued by appellant, that for many years a tax, if based upon a valuation so excessive as to amount to fraud in law, was subject to reduction at the suit of the owner of the property, and that this defense could also be urged in a proceeding instituted by the county for the foreclosure of the tax. *Whatcom County v. Fairhaven Land Co.,* 7 Wash. 101, 34 Pac. 563; *Benn v. Chehalis County,* 11 Wash. 134, 39 Pac. 365; *Pacific County ex rel. Lockwood v. Ellis,* 12 Wash. 108, 40 Pac. 632; *Olympia v. Stevens,* 15 Wash. 601, 47 Pac. 11; *Solberg v. Baldwin,* 46 Wash. 196, 89 Pac. 561.

The intent of chapter 62, Laws of 1931, above referred to, is clear. The statute was enacted for the purpose of requiring prompt payment of taxes, and to prevent the bringing of equitable actions for the purpose of enjoining the collection of a tax against certain specified property. Section 2 of the act refers to the "levy of taxes for public revenue which are deemed unlawful or excessive," and provides that the property owner may pay any such tax under written protest, and sue for the recovery of the tax or any portion thereof. By § 6 of the act, p. 204 (Rem. Rev. Stat., § 11315-6 [P. C. § 6882-194]), it is provided that no action may be instituted for the recovery of any tax pursuant to the particular statute in question, or otherwise, unless the action shall be commenced prior to "the 30th day of the next succeeding January following the date when said tax is payable." This limitation section immediately precedes § 7, containing the proviso above quoted. The act, then, requires the owner of property which he deems excessively taxed to promptly pay the tax, if he desires to test its validity, and sue to recover the same or any part thereof.

In the case of *Casco Co. v. Thurston County,* 163

Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622, this court, sitting *En Banc,* unanimously held that the act of 1931 was not an encroachment upon the constitutional powers of the courts; and that, as the legal remedy provided by the act was speedy and adequate, the taking away of the remedy by way of injunction was a valid exercise of legislative authority.

In the later case of *Church v. Benton County,* 186 Wash. 59, 56 P. (2d) 1010, it was held that the act of 1931 and chapter 10, Laws of 1933, p. 130 (Rem. Rev. Stat. (Sup.), § 11315-8a), providing for the settlement of actions brought for the reduction of property valuations, for the recovery of taxes paid under protest, and other similar purposes, should be construed together, and that the later act did not repeal the earlier.

Manifestly, one of the major purposes of the act of 1931 was to prevent the bringing of actions attacking a tax as excessive without first paying the tax, and to forbid the issuance of injunctions in such actions preventing the enforcement of the tax as levied. If it be held that § 7 of the act, *supra,* permits the owner of the property to interpose a defense in a proceeding for the foreclosure of a tax, alleging that the tax is excessive as based upon an improper levy, the purpose of the act will, to a considerable extent, be defeated, and this defense may be maintained long after the expiration of the statutory limitation contained in § 6 of the act above referred to.

A proviso in a law must always be construed in the light of the body of the act, and in such manner as to carry out the intentions of the legislature. The rule is well stated in 59 C. J. 1088, § 639, as follows:

"The cardinal rule that, in construing statutes, the court must ascertain and give effect to the legislative intent applies to the construction of provisos. A proviso should be construed together with the enacting clause, with a view to giving effect to each and to car-

rying out the intention of the legislature as manifested in the entire act and acts in pari materia; and where, by reason of omissions or of accidental mistakes in the use of words, the proviso can be given no sensible effect, it will be disregarded."

The same rule is laid down in 25 R. C. L. 986, as follows:

"The fundamental principle that effect should be given to all parts of a statute requires that some effect should be given to a proviso when that can be done in accordance with the recognized rules of construction. And since the office of a proviso is not to repeal the main provisions of the act but to limit their application, no proviso should be so construed as to destroy those provisions. A construction of a proviso which would make it plainly repugnant to the body of the act should be rejected, if possible. The main provisions of a statute and the proviso are to be read together with a view to carry into effect the whole purpose of the law. . . . The true rule is that a proviso or saving clause which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy."

Prior to the enactment of chapter 62, *supra,* a taxpayer had the right to go into a court of equity, attacking a tax against his property as unlawful, and restrain the collection of the tax, pending the entry of final judgment. The act referred to purports to substitute for this equitable action, in all save in the two cases referred to in § 1, *supra,* an action at law for the recovery of the tax paid. Considering the entire act and the manifest legislative intent in enacting the same, we hold that the valid defenses allowed by law, referred to in the proviso contained in § 7, refer to defenses other than a claim that the property has been taxed in an excessive amount. It would seem, for example, that a plea of payment would constitute such a defense, as surely such a plea could be interposed in any action for the foreclosure of a tax lien.

If the taxpayer relies upon an excessive tax based upon overvaluation, his remedy is to proceed according to the terms of the 1931 statute, which provides a full and complete remedy for a taxpayer who believes that he is entitled to relief upon the ground referred to. It may be noted in passing that an excessive valuation may be attacked at several different times. The property owner may discuss the matter with the assessor. He may bring his claim before the county board of equalization, whose act is subject to review by the state tax commission. After all of these remedies have been exhausted or not pursued, the taxpayer may still proceed under the 1931 act.

The statute of 1931 is remedial in its nature, and obviously was enacted to facilitate and expedite the raising of public revenue. Prior to the enactment of this law, many actions were brought in which the collection of large amounts due by way of taxes was considerably delayed. To remedy this evil, the act was passed. It affords the property owner his remedy, but forces him to move expeditiously, and to first pay the entire tax, instead of tendering a part of it merely. Unless this perfectly proper purpose is to be largely defeated, it must be held that the defense here urged by appellant is not available to the taxpayer when the state endeavors to subject his property to the tax lien. In this connection, it may be remarked that we find no distinction between a tax foreclosure against real property and one against personal property in which the sheriff proceeds to distrain. *Western Finance Corp. v. Thurston County*, 173 Wash. 455, 23 P. (2d) 576.

Finally, appellant claims that the act of 1931 is unconstitutional if it be held that the act deprives the superior court of the right to hear the defense of overvaluation and excessive tax urged by a property

owner in a tax foreclosure proceeding against his property. In the case of *Casco Co. v. Thurston County, supra,* the constitutionality of the act in question as a whole was upheld. In the later case of *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P. (2d) 397, it was held that portions of § 4, chapter 7, Laws of 1933, Ex. Ses., p. 12 (Rem. Rev. Stat. (Sup.), § 7612-4 [P. C. § 3467-24]) were void, as attempting to limit the constitutional jurisdiction of the superior court. Appellant relies upon the case cited, and contends that the rule therein laid down requires a holding that § 1, chapter 62, Laws of 1931, *supra,* should be held void when considered in connection with § 7 and other portions of the same act. The majority of the court sitting in the *Blanchard* case, *supra,* were of the opinion that the doctrine laid down in the *Casco* case was not applicable to the situation presented in the *Blanchard* case, but that a different rule of constitutional law controlled the latter decision.

We have reconsidered chapter 62, Laws of 1931, in the light of the *Blanchard* case and of the argument presented by counsel for appellant, and, after careful consideration, we are of the opinion that the opinion of the court in the *Casco* case was correct, and that the interesting argument presented by appellant in its attack upon the law does not require us to reach a different conclusion upon the constitutionality of the statute. We hold that chapter 62, Laws of 1931, constitutes a valid exercise of the legislative prerogative, and that the act does not deprive the superior court of any portion of its constitutional jurisdiction.

The trial court did not err in sustaining respondent's demurrer to appellant's complaint, and the judgment appealed from is affirmed.

MAIN, BLAKE, TOLMAN, HOLCOMB, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—I dissent. I am of the view that the defense of an excessive tax due to overvaluation, is a valid defense available to the appellant under the provision of section 7, chapter 62, Laws of 1931, p. 204 (Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195]).

In the case at bar, the appellant is endeavoring to assert a defense to taxes sought to be foreclosed in proceedings instituted against its personal property by the respondents. The statute cited clearly provides that in any tax foreclosure proceeding, the defendant shall not be deprived of any valid defense allowed by law to the tax sought to be foreclosed therein.

The appellant taxpayer is not the moving party (it is, in fact, the defendant), hence the appellant is not required, under chapter 62, Laws of 1931, p. 201 (Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189] *et seq.*), to pay the tax under protest and thereafter institute an action to recover the excess paid by it.

*Casco Co. v. Thurston County,* 163 Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622, is not controlling. I avail myself of this opportunity to admit that I erred in signing the opinion in that case.

The judgment should be reversed.

STEINERT, C. J. (dissenting)—I agree with Judge Millard that the *Casco* case does not apply to the facts nor to the method of procedure presented by this case and is, therefore, not controlling here.