[No. 26951. *En Banc.* June 27, 1938.]

ISLAND COUNTY, *Respondent,* v. CALVIN PHILIPS & COMPANY et al., *Appellants.*[1]

[1] Reported in 80 P. (2d) 840.

*Hartman, Hartman, Simon & Coles* and *Solie Ringold,* for appellants.

*Chester C. Adair,* for respondent.

HOLCOMB, J.—This appeal is from a tax foreclosure proceeding instituted by respondent to foreclose a general certificate of delinquency upon certain parcels of land owned by divers persons, among whom are appellants.

The foreclosure of the tax lien was begun by respondent in the superior court for Island county. By stipulation of the parties, the place of trial was changed from Island county to Snohomish county. The application recited that Island county is the holder of a certificate of delinquency issued by the county treasurer of that county to it July 1, 1936; that the same was for taxes then due and delinquent for the years 1929 and prior, together with penalty, interest, and costs thereon, upon real property situated in that county, assessed to appellants; that no redemption of the property appearing in the certificate had been made; and therefore respondent asked that its lien against the property be foreclosed.

Appellants answered admitting they had not paid the taxes levied against their property as indicated in the notice and application for foreclosure. By way of

affirmative defense, appellants averred that they are owners of certain described real property involved in this foreclosure proceeding; that the assessed valuation is grossly excessive, and that the assessments were not made in accordance with Rem. Rev. Stat., § 11141 [P. C. § 6882-58]; and that they are ready and willing to pay the sum of eighteen hundred dollars as the total amount of taxes that should be charged against the property described in their answer.

Respondent demurred to appellants' answer and affirmative defense for the reason that the same does not constitute a defense to this action. The demurrer was sustained. Appellants elected to stand upon their answer and affirmative defense. The trial court entered judgment and a decree of foreclosure in favor of respondent and directed the county treasurer of Island county to sell the real property described in the judgment or so much thereof as might be necessary to satisfy the judgment.

■ The sole question presented by this appeal is whether appellants were entitled to set up the defense of gross overvaluation in the tax foreclosure proceeding, and whether the trial court should have received testimony relating thereto offered by appellants.

The affirmative defense alleged in substance that the assessments were higher than on property similarly situated, and that the valuation placed upon the property was so excessive as to amount to a fraud upon the taxpayer and confiscation of the property.

This proceeding was instituted pursuant to Rem. Rev. Stat., § 11276 [P. C. § 6882-115], which provides in part:

"Any time after the expiration of three years from the original date of delinquency of any tax included in a certificate of delinquency, the holder of any certificate of delinquency may give notice and summons to the owner of the property described in such cer-

tificate that he will apply to the superior court of the county in which such property is situated for a judgment foreclosing the lien against the property mentioned therein."

Rem. Rev. Stat. (Sup.), § 11281 [P. C. § 6882-120] (Laws of 1937, chapter 118, p. 464), provides for hearing defenses offered by any person interested in lands affected by an application for judgment foreclosing a tax lien. This statute provides in part:

"The court shall examine each application for judgment foreclosing tax lien, *and if defense (specifying in writing the particular cause of objection) be offered any person interested in any of said lands or lots to the entry of judgment against the same, the court shall hear and determine the matter* in a summary manner, without other pleadings, and shall pronounce judgment as the right of the case may be; or said court may, in its discretion, continue such individual cases, wherein defense is offered, to such time as may be necessary, in order to secure substantial justice to the contestants therein. . . ." (Italics ours.)

Laws of 1931, chapter 62, p. 201 (Rem. Rev. Stat., §§ 11315-1 to 11315-8 [P. C. §§ 6882-189 to 6882-196]), relates to the recovery of taxes, and reflects a legislative intent to restrict the granting of injunctions to restrain the collection of taxes except where the law under which the tax is imposed is void or the property upon which the tax is imposed is exempt from taxation. The constitutionality of this statute was sustained in *Casco Co. v. Thurston County,* 163 Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622, in which we observed:

"We can see here no encroachment upon the constitutional power of the courts, but simply and solely a legislative attempt to provide an adequate legal remedy where, if a legal remedy before existed, it was a doubtful or inadequate one, so that the courts, while retaining to the full all of the equitable powers inherent in them, will find only lessened occasions for the use of such powers."

Laws of 1931, chapter 62, § 7, p. 204 (Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195]), prescribes:

"Except as permitted by this act, no action shall ever be brought attacking the validity of any tax, or any portion of any tax: *Provided, however, That this section shall not be construed as depriving the defendants in any tax foreclosure proceeding of any valid defense allowed by law to the tax sought to be foreclosed therein.*" (Italics ours.)

This statute reserves to taxpayers the right to raise any defense allowed by law. This section is *in pari materia* with Rem. Rev. Stat. (Sup.), § 11281, and these two statutes evince an intent to preserve the right to raise any defense recognized by law in any tax foreclosure proceeding.

The present case is of equitable cognizance, and when equity assumes jurisdiction it retains jurisdiction for all purposes. This court is always solicitous in protecting the equity jurisdiction of the superior court, as guaranteed by Art. IV, § 6, of the state constitution, from unwarranted invasion of the legislature. *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P. (2d) 397. The upholding of the constitutionality of chapter 62 of the Laws of 1931 in *Casco Co. v. Thurston County, supra,* did not constitute a recognition of the abridgment of the equity powers of the court, but only a lessened occasion for their exercise. The instant case does require the invocation of such equity powers.

We have repeatedly held that equity will grant relief when taxes are arbitrarily and not uniformly levied; and when the valuation of real property is palpably excessive, it will be treated as constructively fraudulent.

In *First Thought Gold Mines v. Stevens County*, 91 Wash. 437, 157 Pac. 1080, we said:

"It is the established law in this state that courts will grant relief from a grossly inequitable and palpably ex-

cessive over-valuation of real property for taxation as constructively fraudulent, even though the assessing officers may have proceeded in good faith, and this without regard to the action of the board of equalization. [Citing cases.]"

See, also, *Spokane & Eastern Trust Co. v. Spokane County,* 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914B, 641; *Spokane & Inland Empire R. Co. v. Spokane County,* 82 Wash. 24, 143 Pac. 307; *Weyerhaeuser Timber Co. v. Pierce County,* 97 Wash. 534, 167 Pac. 35; *Grays Harbor Const. Co. v. Grays Harbor County,* 99 Wash. 184, 168 Pac. 1138; *Titlow v. Pierce County,* 108 Wash. 633, 185 Pac. 575; *Samish Gun Club v. Skagit County,* 118 Wash. 578, 204 Pac. 181.

The question presented here is whether § 7, chapter 62, Laws of 1931, permits a defendant in a tax foreclosure proceeding to interpose the defense of a fraudulent overvaluation.

Respondent relies upon *Western Machinery Exchange v. Grays Harbor County,* 190 Wash. 447, 68 P. (2d) 613, in support of the proposition that, under § 7, chapter 62, Laws of 1931, no defense may be set up by the taxpayer in a tax foreclosure proceeding that the property has been taxed in an excessive amount.

We are of the opinion that the rule announced in that case relative to the defenses which may be interposed under § 7, *supra,* should be strictly limited to the facts and issues there presented. That case is manifestly distinguishable from the case at bar. In that case, the taxpayer instituted an independent action under Laws of 1931, chapter 62, to restrain the foreclosure of a tax lien in order to secure a reduction of the amount of the taxes levied. The actions in *Church v. Benton County,* 186 Wash. 59, 56 P. (2d) 1010, and *Casco Co. v. Thurston County, supra,* which cases were cited in *Western Machinery Exchange v. Grays Harbor County,*

*supra,* were likewise brought by taxpayers under the same statute referred to above to secure a reduction in taxes alleged to be excessive, and hence neither the case relied upon by respondent nor these two cases in-‧ volve the setting up of defenses under § 7, *supra.* In the instant case, however, the action was instituted by Island county and not by the taxpayer, and the tax-payer thereupon set up the defense of overvaluation.

Moreover, the *Western Machinery Exchange* case, *supra,* involves personal property taxes as distinguished from real property taxes; and, in addition, the statutory process of distraint préscribed by Rem. Rev. Stat. (Sup.), § 11247 [P. C. § 6882-86] (Laws 1935, chapter 30, p. 71, § 4), does not involve any formal court proceeding, and is summary in the highest degree. *Mogan v. Larson,* 183 Wash. 287, 48 P. (2d) 621.

The language employed in § 7, *supra,* permitting the setting up of legal defenses, is clear and unequivocal, and therefore we must give effect thereto.

"The legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself, or in connection with other statutes pertaining to the same subject, is clear, certain and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even when a court is convinced that the legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity." 2 Lewis' Sutherland Statutory Construction (2d ed.), 701, § 366.

See, also, *State ex rel. Henry v. Superior Court,* 155 Wash. 370, 284 Pac. 788; *In re Sanborn,* 159 Wash. 112, 292 Pac. 259; 59 C. J. 952, § 569.

The defense alleged that the assessments were not

uniform and were so grossly excessive as to amount to a fraud upon the taxpayers, is a valid defense if established by the evidence. It was alleged that the value placed upon the land was substantially five times the true value thereof at all times during the assessment period in question. In *Grays Harbor Const. Co. v. Grays Harbor County, supra,* we held that an assessment of three times the fair cash market value of the property should be set aside for this reason alone.

We conclude that it was incumbent upon the trial court to hear the issue raised by the defense and to rule thereon.

The judgment must be reversed, and the trial court is directed to take testimony on the defense set up by appellants.

STEINERT, C. J., GERAGHTY, MILLARD, and ROBINSON, JJ., concur.

BEALS, J. (dissenting)—Laws of 1931, chapter 62, p. 201 (Rem. Rev. Stat., §§ 11315-1 to 11315-8 [P. C. §§ 6882-189 to 6882-196]), entitled, "Actions to Recover Illegal Taxes," was considered by this court in the case of *Casco Co. v. Thurston County,* 163 Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622, and was by the court, sitting *En Banc,* held valid, as within the constitutional power of the legislature. In the recent case of *Western Machinery Exchange v. Grays Harbor County,* 190 Wash. 447, 68 P. (2d) 613, this court, sitting *En Banc,* seven judges concurring and two dissenting, held that the proviso contained in § 7 of the act of 1931, p. 204 (Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195]), should not be construed as allowing an owner of personal property to maintain an action in equity, based upon an alleged excessive valuation, in which it was sought to enjoin a county treasurer from proceeding to sell certain property, pending the entry of final decree, the

main purpose of the action being to procure a decree requiring the county treasurer to accept a reduced amount in full of unpaid taxes for certain designated years. It was held that, considering the act as a whole, the proviso contained in § 7 referred to defenses other than that the property had been taxed in an excessive amount.

In the case at bar, the majority distinguish the case last cited, upon the ground that, in that case, the taxpayer instituted an independent action, while in the case at bar it is sought to interpose the defense of excessive valuation in the tax foreclosure proceeding itself. In my opinion, the two cases are identical. In seeking to enforce the payment of taxes against personal property, the county proceeds by way of distraint, seizing the property and selling it under summary process. Under those circumstances, no opportunity is afforded to interpose any defense, because there is no foreclosure proceeding before the court. In foreclosure of chattel mortgages commenced by notice and sale, this court has held that, when a mortgagor files before the superior court a complaint alleging that foreclosure is sought against his personal property by summary means, and setting forth a defense to the foreclosure, while the mortgagor is nominally the plaintiff in the action instituted before the superior court, he in fact occupies the position of defendant in a chattel mortgage foreclosure. It seems to me that the same is true of such a proceeding as that instituted by the Western Machinery Exchange. The only way that corporation could bring the matter before the court was by instituting such an action as it did commence. Otherwise, its property would have been sold under summary distraint and sale, and it would have been helpless in the matter. Western Machinery Exchange was, in fact, the defendant in a

tax foreclosure proceeding. In my opinion, it is impossible to distinguish the case last cited from the case at bar.

The *Western Machinery Exchange* case was argued to a department of this court, and later heard before the court sitting *En Banc*. The opinion in the case was filed May 25, 1937, the court having held that the proviso above referred to conferred upon the taxpayer no right to interpose in a tax foreclosure proceeding any defense based upon a claim that the tax was excessive. One of the dissenting judges expressed himself as being of the opinion that in the *Western Machinery Exchange* case, the taxpayer was in fact the defendant in a tax foreclosure proceeding, but was of the view that under the provisions of § 7, the taxpayer may interpose the defense of excessive valuation.

The statute of 1931 was enacted to expedite the raising of public revenue. Under the construction of the act placed thereon by the majority in the case at bar, the collection of taxes will be greatly delayed, and the enforcement of tax liens made a slow and difficult process. Counties will feel obliged to institute tax foreclosure proceedings at the earliest possible moment, as a delayed foreclosure may be met by a defense of excessive valuation, and the course of foreclosure greatly prolonged. There will be little incentive to pay taxes promptly, and often a chance to gain by delay in payment. The act of 1931, instead of expediting the collection of public revenue, will delay its receipt.

While the opinion might well be entertained that the act of 1931 is the exercise of high and somewhat arbitrary prerogative on the part of the state, such acts have repeatedly been held good, and have undoubtedly resulted in bringing tax money into the public treasury without the delays which frequently took place under prior laws.

In my opinion, the case at bar cannot be distinguished from the case of *Western Machinery Exchange v. Grays Harbor County, supra,* and I am still of the opinion that the latter case was correctly decided and laid down the rule which should govern in the case at bar. The *Western Machinery Exchange* case should be followed, or expressly overruled.

I accordingly dissent from the conclusion reached by the majority.

MAIN, BLAKE, and SIMPSON, JJ., concur with BEALS, J.