[No. 24763. *En Banc.* October 25, 1933.]

THE STATE OF WASHINGTON, *on the Relation of King County, Appellant,* v. THE STATE TAX COMMISSION *et al., Respondents.*[1]

*Robert M. Burgunder, Arthur M. Hare,* and *David J. Williams,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondents.

*McMicken, Ramsey, Rupp & Schweppe, amicus curiae.*

[1]Reported in 26 P. (2d) 80.

GERAGHTY, J.—The King county board of equalization, at its July, 1933, session, raised the assessed valuation of certain properties in King county. The owners of these properties appealed to the tax commission from the order of the King county board increasing such valuations. Thereupon, King county applied to the superior court of Thurston county for a writ of prohibition to restrain and prohibit the tax commission and its members from entertaining such appeals, alleging that the statute providing therefor violates article VII, § 9, and article XI, § 12, of the state constitution. The lower court sustained a demurrer to the relator's application, and, the relator having elected not to plead further, the court entered an order denying the application for the writ and dismissing the proceedings. From the order of dismissal, this appeal is taken by the relator.

The appeals from the King county board of equalization to the state tax commission were taken under chapter 280, Laws of 1927, p. 681, § 6, which reads as follows:

"Any taxpayer or taxing unit feeling aggrieved by the action of any county or township board of equalization may appeal to the tax commission by filing with the county auditor a notice of appeal in duplicate within ten days after the action of such board of equalization, which notice shall specify the actions complained of, and said auditor shall forthwith transmit one of said notices to the tax commission. The tax commission shall require the board appealed from to certify the minutes of its proceedings resulting in such action and all evidence taken in connection therewith, and may receive further evidence, and shall make such order as in its judgment is just and proper." Rem. Rev. Stat., § 11092.

The appellate jurisdiction vested in the state tax commission by this act has been recognized by this

court in several cases. *State ex rel. Dunbar v. State Board,* 140 Wash. 433, 249 Pac. 996; *In re Metropolitan Building Co.,* 144 Wash. 469, 258 Pac. 473; *Yakima Valley Bank & Trust Co. v. Yakima County,* 149 Wash. 552, 271 Pac. 820; *In re Jefferson County,* 153 Wash. 133, 279 Pac. 392. In the *Metropolitan Building Co.* and *Jefferson County* cases, the court reviewed decisions of the state tax commission. While the constitutionality of § 6 was not directly challenged in those cases, its validity was taken for granted. Section 6 provides a reasonable and orderly step in the statutory process for assessing property and levying taxes required to sustain the state and its political subdivisions.

This section would not now be challenged, except for the case of *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619. The appellant bases its contention as to the invalidity of § 6 upon the *Redd* case, and argues that there is no essential difference in principle between the issues involved in that case and the case at bar. But we cannot follow appellant in this view. We find a decided and controlling difference between the two cases. In the *Redd* case, the tax commission, upon its own motion and after the original taxing process had been completed and appeals had been taken to the courts, undertook summarily to reassess individual properties, acting under the authority of chapter 106, Laws of 1931, p. 306 (Rem. Rev. Stat., § 11301 *et seq.*). This court held that, in so far as chapter 106 attempted to confer the power sought to be exercised by the tax commission, it was unconstitutional as being in violation of article VII, § 9, and article XI, § 12, of the state constitution. The conclusion of the court in the *Redd* case was briefly stated as follows:

"In so far as it provides that the state tax commission may reassess for local taxation purposes property within a county, city, town, or other municipal corporation, chapter 106, Laws of 1931, is unconstitutional."

This language had relation to the facts of that case and the summary proceedings of the tax commission, and was not intended to limit the commission in the exercise of its appellate and revisory powers in the review of proceedings of county boards of equalization pursuant to the provisions of chapter 280, Laws of 1927, p. 676 (Rem. Rev. Stat., § 11087 *et seq.*).

The present case involves an appeal to the tax commission from the county board of equalization by interested parties claiming to be aggrieved by the action of the local board. Instead of violating the cited sections of the constitution, this provision for an appeal is entirely consistent with them, and appropriate for effectually carrying out the constitutional purpose.

The power of taxation is an attribute of sovereignty residing in the state alone. Municipal corporations, as such, have no inherent right to levy taxes. If the power to tax is not conferred directly upon them by the constitution, it must be granted by the legislature. Our constitution makes no direct grant of the taxing power to municipal corporations, but provides that the legislature may vest them with this power.

"For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, and such taxes shall be uniform in respect to persons and property within the jurisdiction of the body levying the same." Const., Art. VII, § 9.

"The legislature shall have no power to impose taxes upon counties, cities, towns, or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate

authorities thereof the power to assess and collect taxes for such purposes." Const., Art. XI, § 12.

It is undoubtedly the right of the legislature, therefore, when vesting municipal corporations with the power to tax, to regulate and safeguard the exercise of this power, and to insure the uniformity in respect to persons and property required by article VII, § 9.

There is another and obvious reason why the legislature must be conceded the right to pass and enforce chapter 280, Laws of 1927, p. 676, and particularly the section challenged in this case. The state itself and the various municipal subdivisions, other than counties and cities of the first class, which have a representation on the county board of equalization, are directly interested in the assessing process, since their levies must be based upon the assessments made by the county boards. To carry to its logical conclusion the contention of appellant in this case, would involve the setting up of separate assessing agencies in the various municipal subdivisions of the state.

The judgment of the lower court is affirmed.

ALL CONCUR.