[No. 24914. *En Banc.* April 17, 1934.]

HARRY PALMQUIST, *Respondent,* v. WILL H. TAYLOR, *as Assessor for Clallam County, et al., Appellants, WILLIAM POLZIN et al., Cross-appellants.*[1]

[1]Reported in 31 P. (2d) 894.

*Wm. W. Bruce* and *W. F. Phillips,* for appellants.

*Trumbull, Severyns & Trumbull* and *Wm. J. Conniff,* for respondent and cross-appellants.

*John H. Binns, McMicken, Ramsey, Rupp & Schweppe,* and *Winlock Miller, Jr., amici curiae.*

MITCHELL, J.—This is an appeal from a judgment of the superior court for Clallam county determining the validity of recent tax levies for county purposes and for school districts 43 and 320 in that county. Interested owners of property as plaintiffs, the county commissioners as interveners, and the county assessor are the parties to the action. The public officers have appealed from certain portions of the judgment, and

their appeal will be further spoken of herein as the county's appeal.

■ In addition to the general levy for the county current expense fund, a levy of 3.36 mills was made for "indigent relief." The trial court adjudged this levy of 3.36 mills to be unwarranted. On the county's appeal, this holding is assigned as error.

The record shows that, in the estimate upon which the general county levy was made, a very considerable amount was included for indigent relief, which is consistent with common experience that there is always some expense of this kind against county governments. It appears here that the county anticipated that some further amount would be required in the course of a year for indigent relief, and that, under the mandatory duty of the county to care for the indigent, as determined in *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26, and *Kruesel v. Collin,* 171 Wash. 200, 17 P. (2d) 854, the county had the right and power to make the levy now as a special fund for such anticipated future needs.

The doctrine of necessity, under the law and cases cited, does not go to the extent of authorizing a special fund to meet anticipated needs of this kind, but that the mandatory duty of the county to care for the indigent will not be defeated by the terms of any constitutional debt limit in those cases where, as in *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26, the county commissioners found and declared an immediate emergency for such an appropriation. The necessity for indigent relief varies, of course, from time to time, and, as argued on behalf of the taxpayers here, it is known that the unemployed are now becoming appreciably less. Care and support of this kind should be provided for as ascertained immediate emergencies

arise, rather than according to anticipated requirements over a long period of time. The judgment of the court with respect to this item is correct.

In school district No. 43, a levy of ten mills, the limit provided for in the forty mill limit law (Chapter 4, Laws 1933, p. 47; Rem. 1933 Sup., § 11238-1), was made for general school purposes, and also another levy authorized by popular vote for general school purposes, and, in addition to these two levies, another one of 10.05 mills was made for "warrant redemption." This last mentioned levy of 10.05 mills was by the trial court held to be invalid, and the holding is assigned as error on the county's appeal.

The forty mill tax limit law, after saying, among other things, that "the levy by or for any school district shall not exceed ten mills," afterwards says, in the second proviso,

". . . that the limitations imposed by this section shall not prevent . . . the levy of additional taxes . . . towards the reduction, *at the rate provided by statute*, of the principal of . . . school district warrants outstanding at the time of taking effect of this act." (Italics ours.) Rem. 1933 Sup., § 11238-1.

We assume, and there is no showing or claim to the contrary, that the school district warrants in question were issued in due course, according to law, and for which levies have been regularly made, and that such warrants were, therefore, supported by outstanding, unpaid taxes sufficient to meet the warrants—differing in this respect from the warrants involved in *Denny v. Wooster*, 175 Wash. 272, 27 P. (2d) 328, referred to as "emergency warrants," and which, though not more fully described in the decision in that case, were, as a matter of fact, warrants for emergency indigent relief, and were commonly referred to in the record in

that case as emergency warrants "issued under and pursuant to and by authority of the case of *Rummens v. Evans,* 168 Wash. 527 [13 P. (2d) 26], decided June 30, 1932," and which warrants, therefore, were not supported by outstanding, unpaid taxes theretofore regularly levied.

It appears, as counsel on both sides in this case say, that we have no statute providing any rate for the reduction of the principal of such school district warrants outstanding at the time of the taking effect of the act. We think the judgment in this respect is correct.

■ The next assignment on the county's appeal is that the court erred in setting aside the non-high school levy of 2.20 mills for school district No. 43. Prior to the enactment of the forty mill law, Rem. Comp. Stat., §§ 4710 *et seq.,* provided for the levy of a tax not exceeding four mills against a non-high school district to meet the expenses of educating pupils of the district attending school in a high school district. It was under these statutes that this levy of 2.20 mills was made. Under the forty mill law, all expenses of school districts must be brought within a levy not exceeding ten mills. In the present case, as already seen, school district No. 43 first levied ten mills, the limit under the act for school district purposes, so that there was no room for this additional levy of 2.20 mills. All of such expenses, if any, must come within the ten mill limitation provided in the act, or must be authorized by a popular vote in accordance with statutory provisions. Here, the 2.20 mill levy is beyond and in addition to both the ten mill levy and the amount authorized by popular vote.

The county admits that this is a school district tax, but Mr. Binns, as *amicus curiae,* in his brief argues to

the contrary, contending that it is a county tax. However, without discussing the subject, we may state that we are satisfied such tax is intended to be and is a school district tax, and, certainly, in this case it was levied and declared to be a school district tax. The judgment in this respect is correct.

Finally, on the county's appeal, it is claimed the court erred in setting aside the levy of 12.25 mills for warrant redemption by school district No. 320. What has been said with respect to a similar levy in school district No. 43 is applicable to this assignment. The judgment in this respect is correct.

On the appeal of the property owners, the principal assignments and arguments are, in our opinion, met by the recent case of *Denny v. Wooster,* 175 Wash. 272, 27 P. (2d) 328. Counsel say, however, that the facts in this case are, in some respects, different from the facts in that case, and that a different result should be reached. However, in this case, there has been no attempt to actually restrain the assessor from spreading these levies on the tax rolls, nor to supersede the judgment of the trial court denying the property owners any relief, and, since the complaints do not describe any particular parcel or amount of property of the plaintiffs claimed to be affected by the levies so as to show that their loss or damage, if any, would be substantial, we do not believe it would be equitable or proper to tie up and prevent the collection of the public taxes in question.

What has been said herein sufficiently covers, in our opinion, assignments, if any, not specifically mentioned herein.

Judgment affirmed.

MAIN, STEINERT, MILLARD, HOLCOMB, and GERAGHTY, JJ., concur.

TOLMAN, J. (dissenting)—I cannot concur in what is said by the majority regarding the levy by school district No. 43 for warrant redemption purposes.

A municipal corporation, like any other debtor, is legally and morally bound to pay its past due obligations as soon as it reasonably may. In the absence of any statute forbidding, the district authorities may, in their discretion and in good faith, levy as they think best for such a purpose. There being no statute forbidding the levy for warrant redemption as made, and no showing of fraud or arbitrary action, the levy should be upheld.

BEALS, C. J. (dissenting)—By Initiative Measure No. 64 (chapter 4, Laws of 1933, p. 47; Rem. 1933 Sup., § 11238-1),

". . . the aggregate of all tax levies upon real and personal property by the state, county, school district and city or town,"

cannot exceed forty mills on the dollar of assessed valuation, school districts being limited to ten mills of this aggregate. It being manifest that many of the municipal subdivisions affected by the act would, at the time of the passage thereof, be indebted upon outstanding warrants, a proviso was inserted to the effect that the limitation imposed should not prevent

". . . the levy of additional taxes to pay interest on, or toward the reduction at the rate provided by statute, of the principal of county, city, town or school district warrants outstanding at the time of the taking effect of this act: . . ."

It is, of course, manifest that the initiative measure would be workable only if the taxing bodies thereby affected could start their operations under the new law with clean slates and with their attention focused only on their future operations. If the money which they

raise under the new system be appropriated to the payment of past indebtedness, the plan can result only in confusion. This the act recognizes by the proviso above referred to.

Outstanding warrants will, of course, be paid in order upon presentation, and a portion of the funds raised under the new law will be appropriated to the payment of warrants issued under the old. These outstanding warrants will then be paid, and whether or not any relief can subsequently be afforded by the enactment of a statute providing a "rate" within the terms of the proviso above referred to, will be a question which may present both practical and legal difficulties.

In my opinion, the mere fact that there is no statute providing the rate at which additional taxes over and above the amount provided for by the initiative measure may be levied for the purpose of reducing outstanding warrant indebtedness, does not deprive the tax-levying bodies of the right to levy such an additional tax for the purpose mentioned. The tax-levying body, in this instance school districts, had, prior to the adoption of the initiative, the right to levy taxes to pay outstanding warrants. The proviso preserves and continues this right. The fact that there is no statute providing a rate at which such tax shall be levied, does not render the entire proviso void. This situation simply calls for a holding that the words, "at the rate provided by statute," are, as the law now stands, ineffective for any purpose. The proviso, then, continues in the tax-levying bodies the right which they previously had to levy a tax to pay such of their warrants as were outstanding at the time of the adoption of the law.

It is the duty of the tax-raising bodies to provide in

some manner for the raising of funds to meet such obligations, so that their debts may be paid and the new law may go into effect in accordance with its manifest intent. It seems to me that the levying of such additional taxes is in accordance both with the letter and the spirit of the law. In the absence of fraud or arbitrary action, the matter of the rate at which such taxes shall be levied must rest in the discretion of the tax-levying entities.

I accordingly dissent from the conclusion reached by the majority to the effect that the school districts' levies are invalid. I concur in the opinion on the other points thereby decided.

BLAKE, J., concurs with BEALS, C. J.