[No. 27331.   Department One.   March 22, 1939.]

GOTTFRIED ETTER *et al., Appellants,* v. P. E. KRONLUND *et al., Respondents.*[1]

*Emil N. Stenberg,* for appellants.

*G. E. Peterson* and *B. F. Jacobs,* for respondents Kronlund *et al.*

*Harry H. Johnston* and *John W. Fishburne,* for respondents Smith *et al.*

*Tom S. Patterson, Russell F. Stark, Pendleton Miller,* and *Benjamin C. McDonald,* for *amicus curiae.*

MAIN, J.—This action was brought to have the organization of a drainage district declared void and to have a tax levied upon the property in the district declared legally ineffective.

The plaintiffs are owners of property in the district,

[1]Reported in 88 P. (2d) 417.

and the defendants are the commissioners of the district, the board of county commissioners of Pierce county, in which the district was formed, and the county assessor and county treasurer of that county. To the complaint, a demurrer was interposed and overruled. Subsequently, the commissioners of the district and the board of county commissioners answered separately. The case came on for trial, and, with permission of the court, the demurrer was renewed. After some argument on the question, the court indicated that, so far as the tax was concerned, it would rule that the complaint was legally insufficient to raise the question of the validity of the tax. Thereupon, counsel for the plaintiffs, in effect, invited the court to make the same ruling as to the organization of the district. Motion to dismiss was made by the defendants, and sustained. From the judgment dismissing the action, the plaintiffs appeal.

Drainage district No. 22, in Pierce county, was organized during the year 1935. After the commissioners for the district had been elected, they passed a resolution requesting the county assessor to levy a tax upon all the property in the district. This was done, and a tax was levied upon all the property, based upon its assessed value, the same as other general taxes are levied by the assessor. The amount of the tax was spread upon the rolls and certified to the county treasurer. The tax was not based upon benefits to the property in the district.

The first question is whether the appellants had a right to bring this action to test the validity of the tax.

In 1931, the legislature passed an act (Laws of 1931, chapter 62, p. 201) which covered the matter of actions to recover illegal taxes. Section 1 of this act, p. 201, provides that:

"Injunctions and restraining orders shall not be issued or granted to restrain the collection of any tax or any part thereof, or the sale of any property for the non-payment of any tax or part thereof, except in the following cases:

"(1) Where the law under which the tax is imposed is void; and

"(2) Where the property upon which the tax is imposed is exempt from taxation." Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189].

It will be observed that, by this section, injunctions and restraining orders cannot be issued to prohibit the collection of any tax, except in the two cases mentioned, one, that the law under which the tax was imposed is void, and the other, that the property upon which the tax is levied is exempt from taxation. Neither of these conditions is present in this case. The law is not void, and the property is not exempt from taxation.

Section 2 of the same act, p. 201, Rem. Rev. Stat., § 11315-2 [P. C. § 6882-190], provides that, in all cases of the levy of taxes for public revenue which are deemed unlawful or excessive, the person complaining of the tax may pay the same under written protest, as therein required, and afterwards bring an action to recover the same or any part thereof and thus raise the legality or the excessiveness of the tax.

*In re Yakima Amusement Co.,* 192 Wash. 174, 73 P. (2d) 519, it was held that, by Laws of 1931, chapter 62, p. 201, "a new and exclusive method of challenging excessive or illegal taxation was provided." In *Casco Co. v. Thurston County,* 163 Wash. 666, 2 P. (2d) 677, 72 A. L. R. 622, it was held that the statute was constitutional.

It has been repeatedly held that, after a tax has been levied and spread upon the tax rolls by the assessor, it cannot be attacked, except by paying the tax under

protest and subsequently bringing an action to recover the same or some part thereof. *Denny v. Wooster*, 175 Wash. 272, 27 P. (2d) 328; *Palmquist v. Taylor*, 177 Wash. 306, 31 P. (2d) 894; *Ballard v. Wooster*, 182 Wash. 408, 45 P. (2d) 511. It thus appears that, under the facts stated in the complaint, the question of the validity of the tax could not be tested in this action because the tax had been spread upon the rolls and certified to the county treasurer.

The next question is whether the court properly dismissed the action, so far as the objection to the organization of the district was concerned. The district was organized under Rem. Rev. Stat., § 4298 [P. C. § 1947-1] *et seq.*, and it is claimed that, in organizing the district, certain requirements of that chapter were not complied with. That question, however, is not here for review. After the court had ruled that the complaint did not state a cause of action as to the validity of the tax, counsel for the appellants stated:

"If the Court is going to say we cannot attack the tax, I don't know what is the use of going ahead."

Whereupon, a motion was interposed for judgment of dismissal, and counsel for the appellants made a statement which could not mean other than a suggestion to the court that, if it was going to hold that they could not go into the tax, the whole proceeding had just as well be dismissed. No testimony was offered. What was said at this time cannot be construed other than as an invitation to the court to dismiss as to the organization of the district, if it was going to dismiss as to the tax. Having invited the court to pursue the course that it did in dismissing the action, the appellants cannot now claim error if otherwise they would have been entitled to do so. *Lantz v. Moeller*, 76 Wash. 429, 136 Pac. 687, 50 L. R. A. (N. S.) 68; *Pettet v. Johnston*,

83 Wash. 663, 145 Pac. 985; *Barash v. Robinson,* 142 Wash. 118, 252 Pac. 680.

The judgment will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.