[No. 27623. Department Two. February 19, 1940.]

THE STATE OF WASHINGTON, *on the Relation of the State Tax Commission, Respondent,* v. HARRY M. INGERSOLL, *as Assessor of Whatcom County, et al., Appellants.*[1]

---

[1] Reported in 99 P. (2d) 403.

656

*Edward E. Johnson, F. M. Hamilton,* and *Rufus Choate Dodge,* for appellants.

*The Attorney General* and *W. A. Toner, Assistant,* for respondent.

JEFFERS, J.—This is an appeal by Harry M. Ingersoll, as county assessor, and R. C. Atwood, as county treasurer, of Whatcom county, from a judgment entered April 18, 1939, decreeing that a peremptory writ of mandate issue forthwith, commanding Harry M. Ingersoll, as county assessor, to prepare and transmit to the county treasurer of Whatcom county a supplemental assessment roll correcting the 1938 assessment of the operating personal property of the Farmers Mutual

Telephone Company, to show the true assessment thereof to be $50,200, in accordance with the order of the state tax commission, dated November 22, 1938, and requiring R. C. Atwood, as county treasurer, thereupon to collect from the Farmers Company taxes upon its operating personal property for 1938, solely upon the basis of such corrected and supplemental assessment roll.

The operating personal property of the Farmers Company is located entirely within Whatcom county. On July 7, 1938, the county board of equalization of Whatcom county determined and fixed the 1938 assessed valuation for taxation purposes of the operating personal property of the Farmers Company, at $57,020. On July 13, 1938, the Farmers Company appealed from the order of the county board of equalization to the state - tax commission, which appeal was heard on October 14, 1938. The tax commission, after a full consideration of the record and evidence submitted, on November 22, 1938, made an order reducing the valuation of such property to $50,200, and had a certified copy of such order served on Harry M. Ingersoll, as county assessor, who has, however, notwithstanding such order, refused to change and correct his assessment records in accordance with such order, but transmitted the completed rolls to the county auditor, who, in turn, transmitted them to R. C. Atwood, county treasurer, without any change or correction in the assessment and tax of the property.

Thereafter, on April 4, 1939, this action was commenced to compel the county assessor to correct his tax rolls in accordance with the order of the tax commission and to obtain the further relief sought against the county treasurer.

In answer to an alternative writ of mandate issued

herein, respondents filed affidavits, wherein, among others, the following averment is made:

"This affiant further says that the state tax commission in the attempted appeal adopted the same full valuation of the said property in the sum of One Hundred Fourteen Thousand Forty and no/100 ($114,040) Dollars, but that the said state tax commission, in attempting to reassess the same, reassessed it at 44% of its true value and all in violation of law."

Relator moved to strike the above averment from the affidavit of respondents, and this motion was granted, the court also sustaining relator's objections to any evidence offered in support of that part of the answering affidavits stricken.

A hearing was had on April 10, 1939, and thereafter the court entered judgment in favor of relator, as hereinbefore indicated, and respondents have appealed, and will hereinafter be referred to as appellants.

Appellants base error on the action of the trial court in sustaining relator's motion to strike from the answering affidavits; in refusing to admit in evidence appellants' exhibit 1; and in entering judgment for relator.

The first question raised by appellants which we desire to discuss, is:

"Can the state tax commission either initiate, or by appeal, or by its order, directing the county assessor, relist, revalue and reassess property, wholly within the county, for county and local purposes?"

We think the only question presented under this phase of the case, under the facts, is whether or not a taxpayer may appeal from the county board of equalization to the state tax commission.

The appeal in this case was apparently taken under Rem. Rev. Stat., § 11092 [P. C. § 6874-6], which provides in part as follows:

"Any taxpayer or taxing unit feeling aggrieved by the action of any county or township board of equalization may appeal to the tax commission . . . The tax commission shall require the board appealed from to certify the minutes of its proceedings resulting in such action and all evidence taken in connection therewith, and may receive further evidence, and shall make such order as in its judgment is just and proper."

In *State ex rel. King County v. State Tax Commission,* 174 Wash. 668, 26 P. (2d) 80, we upheld the right of a taxpayer to appeal from the King county board of equalization to the tax commission, therein stating:

"This section [Rem. Rev. Stat., § 11092] would not now be challenged, except for the case of *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619. The appellant bases its contention as to the invalidity of § 6 [Rem. Rev. Stat., § 11092] upon the *Redd* case, and argues that there is no essential difference in principle between the issues involved in that case and the case at bar. But we cannot follow appellant in this view. We find a decided and controlling difference between the two cases. In the *Redd* case, the tax commission, upon its own motion and after the original taxing process had been completed and appeals had been taken to the courts, undertook summarily to reassess individual properties, acting under the authority of chapter 106, Laws of 1931, p. 306 (Rem. Rev. Stat., § 11301 *et seq.*). This court held that, in so far as chapter 106 attempted to confer the power sought to be exercised by the tax commission, it was unconstitutional as being in violation of article VII, § 9, and article XI, § 12, of the state constitution. The conclusion of the court in the *Redd* case was briefly stated as follows:

" 'In so far as it provides that the state tax commission may reassess for local taxation purposes property within a county, city, town, or other municipal corporation, chapter 106, Laws of 1931, is unconstitutional.'

"This language had relation to the facts of that case and the summary proceedings of the tax commission, and was not intended to limit the commission in the

exercise of its appellate and revisory powers in the review of proceedings of county boards of equalization pursuant to the provisions of chapter 280, Laws of 1927, p. 676 (Rem. Rev. Stat., § 11087, *et seq.*).

"The present case involves an appeal to the tax commission from the county board of equalization by interested parties claiming to be aggrieved by the action of the local board. Instead of violating the cited sections of the constitution, this provision for an appeal is entirely consistent with them, and appropriate for effectually carrying out the constitutional purpose."

Appellants attempt to distinguish the *King County* case, *supra,* contending that, in that case, the commission was dealing with some twenty-five or more taxpayers, while in the instant case we have only one taxpayer and one isolated lot of property. We can hardly think appellants serious in this contention; for certainly, if the statute gives the right of appeal, as it plainly does, then surely one taxpayer would have the same right as twenty-five or fifty taxpayers. The statute gives this right to any taxpayer who finds himself aggrieved by the action of the county board of equalization.

We are therefore of the opinion that, under the *King County* case, relator had a right to appeal to the tax commission, and we are further of the opinion that the cases of *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619, and *Northwestern Imp. Co. v. Henneford,* 184 Wash. 502, 51 P. (2d) 1083, have no application to the facts in the instant case.

█ It is also contended that the court erred in striking from appellants' answering affidavits the averment hereinbefore referred to, and in refusing to admit evidence in regard to such allegation. The averment stricken and the evidence which the court held inadmissible related entirely to the manner in which it was

claimed the commission arrived at the value which it placed on the property in question.

*In re Yakima Amusement Co.,* 192 Wash. 174, 73 P. (2d) 519, we held that the right to appeal from an order of the state tax commission had been repealed by chapter 62, Laws of 1931, p. 201 (Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189] *et seq.*). This being true, it would seem to follow that the action of the state tax commission was final, and that the county assessor could not, in an action such as the instant one, question the method used by the commission in reaching the valuation set out in its order. The statute prescribes no particular method to be employed by the commission, except that it shall consider all the proceedings of the board appealed from and the evidence introduced in support of the decision of such board, and may take additional testimony. We are of the opinion that the trial court properly struck the allegation in question and properly sustained objections to the introduction of evidence offered in connection therewith.

We are further of the opinion that, the order of the tax commission being final, under the act relator was entitled to a writ of mandamus to compel the county assessor and the county treasurer to carry out its order. After the tax commission has made such an order, and has certified the same to the county assessor, we think the assessor acts only in a ministerial capacity and has no discretion other than to comply with the order as made. *State v. Wiley,* 176 Wash. 641, 30 P. (2d) 958. While the cited case was brought by the state board of equalization to compel the county assessor to extend on his tax rolls the valuation of certain property, as fixed by the board of equalization, we think the principles therein announced are applicable herein.

Neither do we think because the right of appeal in such cases has been abolished, the assessor could ignore the order of the tax commission. Nor do we think this contention of appellants finds support in the case of *In re Yakima Amusement Co., supra,* or *Etter v. Kronlund,* 198 Wash. 341, 88 P. (2d) 417. The cited cases hold that a taxpayer, in order to recover taxes claimed to have been illegally assessed, must pay the tax under protest and then bring an action to recover it. The cited cases, in our opinion, in no way intimate that the tax commission may not bring an action to compel the county officers to carry out its lawful order.

■ Appellants further contend that the question of whether or not relator is entitled to the writ herein, has become moot, for the reason that the Farmers Company has paid the tax in question under protest, recognizing that their only remedy is to pay the tax under protest and then bring an action to recover back the tax paid, or such part thereof as had been unlawfully levied. We cannot agree with this contention of appellants. We think any action taken by the taxpayer and the action taken by the tax commission are separate and distinct matters; and that, regardless of the action of the taxpayer, the tax commission has the right to enforce compliance, on the part of the assessor and treasurer, with its order. We think this must be so, or the proceedings outlined by the legislature would be entirely ineffectual, and any action taken by the tax commission would be a useless thing.

The judgment of the trial court is affirmed.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.