[No. 28543.   Department Two.   February 25, 1942.]

UNIVERSITY NATIONAL COMPANY, *Respondent*, v. GRAYS
HARBOR COUNTY *et al.*, *Appellants.*[1]

*Stanley J. Krause* and *Paul O. Manley,* for appellants.

*Weter, Roberts & Shefelman* and *Wayne C. Booth,*
for respondent.

BEALS, J.—The plaintiff in this action, University
National Company, a corporation, owned several con-
struction bonds issued by sewerage improvement dis-
trict No. 5 of Grays Harbor county.   Installments of

[1]Reported in 122 P. (2d) 501.

the construction assessments against several lots in the district remaining unpaid, certificates of delinquency covering these installments were issued to one W. D. Harrison, who foreclosed the same, and in due time the property was ordered sold by the county treasurer. Two groups of lots were sold, one group sold to Mr. Harrison February 3, 1940, the other group sold to him April 27, 1940. Over the purchaser's objection, the county treasurer included in the first deed a provision to the effect that the property was conveyed subject to the lien of any or all drainage or sewerage district assessments outstanding against the property. The treasurer's deed of April 27th contained no such language.

The grantee in the two deeds conveyed the property to the plaintiff corporation, which, under protest, paid certain sewer maintenance assessments outstanding against the property described in the deed of February 3rd, at that date, and then instituted this action for the purpose of recovering the money paid under protest and obtaining a decree quieting its title to all property conveyed to it by the county treasurer, as against unpaid sewerage maintenance assessments which became due prior to the foreclosure of the certificates of delinquency. Grays Harbor county, sewerage improvement district No. 5 thereof, Stephen Trask, county treasurer, and the three county commissioners were named as defendants in the action.

The prosecuting attorney, appearing for all the defendants jointly, filed a general demurrer to the complaint, which, after argument, the trial court overruled. The defendants elected to stand upon their demurrer, and refused to plead further, whereupon judgment was entered in plaintiff's favor for the return of the amount of the sewerage maintenance assessments which it had paid under protest, the judgment also canceling all

unpaid sewerage maintenance assessments levied prior to the dates of the deeds from the county treasurer to plaintiff's predecessor in interest. From this judgment, the defendants have appealed, assigning error upon the order of the court overruling their demurrer, and upon the entry of the judgment in plaintiff's favor.

In the first place, appellant contends that the foreclosure of certificates of delinquency issued by the sewerage district for unpaid construction assessments, and the subsequent sale of property upon foreclosure of the certificates, do not extinguish the lien of unpaid maintenance assessments levied by the district. Appellants also argue that respondent was not entitled to maintain an action to quiet its title as against unpaid maintenance assessments, and to enjoin the collection thereof, but should have first paid the assessments under protest, as it did as to a portion of the assessments, and then in an appropriate action, ask for recovery of the amount so paid.

Appellants rely upon three sections of the statute, which we shall now consider. The first of these, Rem. Rev. Stat., § 4439-2 [P. C. § 1945-86a], provides that assessments for construction or maintenance made under the provisions of the act of which the section is a part, shall be collected in the same manner as general taxes, and that certificates of delinquency shall be issued and may be foreclosed as in the case of general taxes, "all according to the laws in force on January 1, 1923, except as hereinafter specifically provided."

Section 4439-3 [P. C. § 1945-86b] provides for the foreclosure by a private party of certificates of delinquency for general taxes. Section 4439-4 [P. C. § 1945-86c] refers to property acquired by a county pursuant to a foreclosure and sale for general taxes.

Respondent argues that, under the applicable statutes, the decision of the superior court was correct.

Rem. Rev. Stat., § 4405 [P. C. § 1945-57] *et seq.*, cover the matter of the establishment of drainage and diking improvement systems, § 4435-1 [P. C. § 1945-85] *et seq.*, providing the method for a levy of assessments and maintenance assessments, and for the collection thereof. The pertinent portion of § 4435-4 [P. C. § 1945-85¾], referring to construction assessments, reads as follows:

"The assessments contained in said assessment-roll shall be liens upon the property assessed, such lien shall be of equal rank with other liens assessed against the property for local improvements and paramount to all other liens except the lien of general taxes, and shall relate back to and take effect as of the date when the board of county commissioners determined to proceed with the construction of the improvement as provided in section 4421."

Section 4435-4 was enacted as a portion of the act of 1923 (§ 9, chapter 46, p. 122, Laws of 1923), and specifically provides for the priority of assessment liens such as ripened into respondent's titles.

By the terms of this section, assessments for local improvements are ranked together. Local improvements are one thing; maintenance of the improvement after installation is a different thing. Money is raised for both by special assessments, but an assessment for maintenance is not a local improvement assessment, as the term is employed in our statutes. The portion of the section of the statute quoted confers priority upon such special assessments as those, the foreclosure of which produced respondent's title.

Bearing in mind the basic difference between an assessment for a local improvement, within which class falls an assessment for the construction of a sewer by such a creature of statute as the sewerage improvement district which is a party to this action, and the maintenance assessments thereafter levied for the pur-

pose of keeping the installation in working order, we are convinced that the trial court was correct in holding that under the applicable statutes the foreclosure proceeding under which respondent claims has the effect of cutting off the maintenance assessments.

Appellants argue that the trial court erred in quieting respondent's title as against maintenance assessments which respondent had not paid under protest. In this connection, appellants cite Rem. Rev. Stat., §§ 11315-1 and 11315-2 [P. C. §§ 6882-189 and 6882-190], which provide for the payment under protest of taxes deemed unlawful, and the maintenance of an action to recover the money so paid, declaring that the collection of any tax shall not be restrained, save in two instances not pertinent to this inquiry.

On this phase of the case, appellants cite *Etter v. Kronlund*, 198 Wash. 341, 88 P. (2d) 417, in which this court affirmed a judgment of the superior court dismissing an action in which it was sought to declare void a tax levied by a drainage district. The case is not here in point, as it appeared that the imposition sought to be enjoined was a tax levied upon all the property in the district, "based upon its assessed value, the same as other general taxes are levied by the assessor." The tax was not based upon any special benefits to the property in the district, but was an *ad valorem* tax levied according to the assessed value of the property. The statute relied upon by appellants, and above referred to, does not embrace within its scope assessments based upon special benefits to the property assessed.

Judgment affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.