[No. 30001.  *En Banc.*  September 13, 1946.]

UNION HIGH SCHOOL DISTRICT NO. 1, SKAGIT COUNTY, *Appellant,* v. THE TAXPAYERS OF UNION HIGH SCHOOL DISTRICT NO. 1, SKAGIT COUNTY, *et al., Respondents.*[1]

[1]Reported in 172 P. (2d) 591.

*Preston, Thorgrimson, Horowitz & Turner* and *Norman Booth,* for appellant.

*Richard F. Schacht,* for respondent taxpayers.

*Weter, Roberts & Shefelman* and *James Gay,* for respondent Wakefield.

*A. C. Van Soelen, Howard Carothers, George M. Ferris, Leslie R. Cooper, James W. Bryan, Jr., Joseph T. Pemberton, Harry L. Olson, Judd D. Kimball, A. D. Gillies, Thomas L. O'Leary, Ray D. Kendall, William C. Bates,* and *John A. Homer, amici curiae.*

STEINERT, J.—The plaintiff, a high school district, instituted in the superior court for Skagit county an action to test and determine the authority of the district to issue certain general obligation bonds. Upon the filing of the complaint, the court entered an order naming and appointing Walter W. Blade, a resident taxpayer in the district, as the representative of all the taxpayers therein and as the person upon whom service of summons in the action should be made. The named representative taxpayer appeared through an attorney appointed by the court to defend the action and demurred to plaintiff's complaint. Subsequently, R. P.

Wakefield, another taxpayer of the district, upon leave of court filed his complaint in intervention, in resistance of the relief sought by the plaintiff, and at the same time also demurred to plaintiff's pleading. Plaintiff in turn demurred to the complaint in intervention.

After argument, the court sustained the demurrers interposed by the defendant Blade and the intervener Wakefield, respectively, and overruled the demurrer of the plaintiff. Upon stipulation of all the parties, plaintiff waived its right to plead further, and the court entered judgment declaring that the bonds sought to be issued by the plaintiff would be invalid because, at the election held for that purpose, the proposition did not receive the requisite number of votes. Plaintiff appealed.

The facts, as stated in the complaint, are undisputed and are as follows: Pursuant to a resolution adopted by the directors of the school district, a proposition to issue bonds for the purpose of providing certain new buildings and equipment was submitted to the voters at a special school district election held November 17, 1945. At that election 1,664 votes favored the proposition and 94 votes were opposed.

At the general *state* election last preceding the school bond election, approximately 4,720 votes were cast by voters residing within the school district, while at the last preceding school district election of directors, held subsequent to the general state election, only 627 votes were cast. Thus, the total number of persons voting at the special school district election held November 17, 1945, constituted more than forty per cent of the voters in the school district who voted at the last preceding annual election of school district directors, but was less than forty per cent of the voters in the school district who voted at the last preceding general *state* election.

The trial court held that such proposed bonds would be invalid, because the special election therefor had not fulfilled the requirements of chapter 253, p. 759, Laws of 1945 (Rem. Supp. 1945, § 11238-1e), which reads, in part, as follows:

"*Provided, further,* That any municipal corporation otherwise authorized by law to issue general obligation bonds for capital purposes may, at an election duly held after giving notice thereof as required by law, authorize the issuance of general obligation bonds for capital purposes only, which shall not include the replacement of equipment, and provide for the payment of the principal and interest of such bonds by annual levies in excess of the tax limitation contained herein: *Provided,* That such election shall not be held oftener than once a year, and that the proposition to issue such bonds and to exceed said tax limitation shall receive the affirmative vote of a three-fifths majority of those voting on the proposition and that the total number of persons voting at such election shall constitute not less than forty per cent (40%) of the voters in said municipal corporation who *voted at the last preceding general state election.*" (Concluding italics ours.)

The language which we have italicized, appearing at the end of the foregoing quotation from the statute, differs from the language found in the forty mill tax limit amendment (amendment 17, Art. VII, § 2, Washington constitution, approved November, 1944), in that the latter uses the term "last preceding general election." In other words, the legislative act inserts the word "state" between the words "general" and "election."

The pertinent part of the seventeenth amendment is as follows:

"Except as hereinafter provided and notwithstanding any other provision of this constitution, the aggregate of all tax levies upon real and personal property by the state and all taxing districts now existing or hereafter created, shall not in any year exceed forty mills on the dollar of assessed valuation . . . Such aggregate limitation or any specific limitation imposed by law in conformity therewith may be exceeded only. . . .

" (b) by any taxing district otherwise authorized by law to issue general obligation bonds for capital purposes, for the sole purpose of making the required payments of principal and interest on general obligation bonds issued solely for capital purposes, other than the replacement of equipment, when authorized so to do by a majority of at least three-fifths of the electors thereof voting on the proposition to issue such bonds and to pay the principal and interest

thereon by an annual tax levy in excess of the limitation herein provided during the term of such bonds, submitted not oftener than twice in any calendar year, at an election held in the manner provided by law for bond elections in such taxing district, at which election the total number of persons voting on the proposition shall constitute not less than forty per centum of the total number of votes cast in such taxing district *at the last preceding general election."* (Italics ours.)

The crucial question here to be decided is whether the legislative act is unconstitutional, as imposing limitations upon the issuance of bonds for capital purposes by local taxing districts in addition to those set out in the seventeenth amendment. If the act is not repugnant to the constitution in the respect noted, then indubitably the election at which the school bonds were voted was not sufficient to authorize the bonds and the judgment of the trial court would necessarily have to be affirmed.

For the purposes of this case, we will assume, as contended by appellant, that the regular annual election at which appellant's school directors were chosen constituted a "general election." See *State ex rel. Griffin v. Superior Court,* 70 Wash. 545, 127 Pac. 120.

It is an elementary principle of constitutional law, universally accepted, that, where the validity of a statute is assailed, there is a presumption of the constitutionality of the legislative enactment unless its repugnancy to the constitution clearly appears or is made to appear beyond a reasonable doubt. 11 Am. Jur. 776, Constitutional Law, § 128. This court has upheld that principle many times. In *Robb v. Tacoma,* 175 Wash. 580, 28 P. (2d) 327, 91 A. L. R. 1010, we said:

"In passing upon the constitutionality of a legislative enactment, several things must always be kept in mind. Courts do not sit to review or revise legislative action, but rather to enforce the legislative will when acting within its constitutional limits. A legislative act carries with it the presumption of its constitutionality, and will not be declared void unless its invalidity appears beyond a reasonable doubt. If the act is fairly and reasonably open to more

than one construction, that construction will be adopted which will harmonize the statute with the constitution and avoid a conflict therewith."

In *State v. Hanlen*, 193 Wash. 494, 76 P. (2d) 316, it is declared:

"It is presumed that the statute in question is constitutional and the burden rests upon appellant [the attacking party] to establish clearly its invalidity."

In *State ex rel. Todd v. Yelle*, 7 Wn. (2d) 443, 110 P. (2d) 162, appears this statement:

"Since we are considering whether or not an act of a state legislature violates a state constitution, it is elementary, and both parties to this controversy through their respective counsel admit, that the questioned act must be upheld unless some express or fairly implied limitation upon the legislature's power to enact it is found in the constitution. . . . It is further elementary, and both parties so admit, that all doubts as to whether or not a state legislature had the power to pass a given enactment must be resolved in favor of the legislature."

Other cases from this court to the same effect are: *Reeves v. Anderson*, 13 Wash. 17, 42 Pac. 625; *Smith v. Seattle*, 25 Wash. 300, 65 Pac. 612; *State ex rel. Shepard v. Superior Court*, 60 Wash. 370, 111 Pac. 233; *State v. Pitney*, 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209; *State ex rel. Case v. Howell*, 85 Wash. 294, 147 Pac. 1159; *State ex rel. Mullen v. Howell*, 107 Wash. 167, 181 Pac. 920; *State ex rel. Reclamation Board v. Clausen*, 110 Wash. 525, 188 Pac. 538, 14 A. L. R. 1133; *State ex rel. Carroll v. Superior Court*, 113 Wash. 54, 193 Pac. 226; *Nipges v. Thornton*, 119 Wash. 464, 206 Pac. 17; *Record Pub. Co. v. Monson*, 123 Wash. 569, 213 Pac. 13. See, also, 1 Cooley's Constitutional Limitations (8th ed.) 371 *et seq.*

■ Closely allied to the foregoing principle, and as a proposition to be kept in mind when considering the power of the legislature to make laws, is another fundamental and elementary rule that the power of the legislature in that respect is unrestrained unless expressly or by fair inference it is prohibited by the state or Federal constitution.

"It is elementary constitutional law that the legislature of a state may enact any law not expressly or inferentially prohibited by the constitution of the state or nation." *Paine v. Port of Seattle*, 70 Wash. 294, 126 Pac. 628, 127 Pac. 580.

In this respect, there is a distinct difference between the operative effect of the Federal constitution and that of a state constitution. The Federal constitution is a *grant* of power, whereas the state constitution is a *limitation* upon legislative power.

"The state constitution is a limitation upon the actions and powers of the legislature, instead of a grant of power. So far as the power of the legislature is not limited by the constitution, it is unrestrained." *Standard Oil Co. v. Graves*, 94 Wash. 291, 307, 162 Pac. 558.

This distinction and its procedural effect are expressed in *Robb v. Tacoma, supra,* as follows:

"There is a distinct difference with reference to the powers that may be exercised under the constitution of the United States and those that may be exercised under the constitution of the state. The government of the United States is one of enumerated powers, while the state government has all the general powers of legislation. In other words, the Federal constitution is a grant of power, while the state constitution is but a limitation upon legislative power. Therefore, when an act of congress is assailed, the court looks to the Federal constitution to see whether the *grant* of power is broad enough to embrace the particular act; but when an act of the legislature is assailed, the court looks to the state constitution only to ascertain whether any *limitations* have been imposed upon such power. *State ex rel. Mountain Timber Co. v. Superior Court*, 77 Wash. 585, 137 Pac. 994; *James v. McMillan*, 113 Wash. 644, 194 Pac. 823; 1 Cooley's Constitutional Limitations (8th Ed.), p. 354."

Under this doctrine, the seventeenth amendment, like all the rest of our state constitution, operates not as a *grant* of power, either to the legislature or to any taxing district, but simply as a *limitation* upon the power of the legislature in a particular field of legislation, and hence we look to the constitutional provision only to see whether any *limitation* has been imposed upon the legislature's inherent power in that particular field.

■ The seventeenth amendment provides that the aggregate of all taxes upon real and personal property by the state and all taxing districts (which aggregate shall not in any year exceed forty mills on the dollar of assessed valuation) *may be* exceeded by any taxing district only when such district, desiring to issue general obligation bonds for capital purposes, is authorized so to do by a majority of *at least* three fifths of the electors thereof voting on such proposition, at which election the total number of persons voting on the measure shall constitute not less than forty per centum of the total number of votes cast in such taxing district at the last preceding general election.

In other words, the amendment, when referring to the *taxing district,* fixes a *minimum* requirement with respect to the number of votes necessary to authorize the issuance of general obligation bonds, but it does not expressly or impliedly restrict *the legislature's right* to impose other, or additional, requirements or limitations upon a district when seeking to incur a public debt. It fixes a *minimum* limit of restriction below which the legislature may not go, but it does not prescribe the *maximum* limitation which the legislature may adopt.

In *Robb v. Tacoma, supra,* this court applied that principle to Art. VIII, § 6, of the constitution, to the limitations of which article and section the seventeenth amendment is by express statement therein made subject. In the cited case, this court said:

"Art. VIII, § 6, of the state constitution imposes a limitation upon the power of the legislature, in that it may not fix a *less* number than a three-fifths majority of the votes cast, in order to validate a bond election. But the constitution does not place any other limitation whatever upon the legislative power. It fixes a minimum limit of restriction below which the legislature may not go, but it does not fix a maximum limit to which the legislature may advance on 'an ascending scale.' The concluding proviso of Art. VIII, § 6, carries a very positive implication that the legislature still has the power to fix an additional limitation. It says:

" 'Provided, further, that any city or town, with such assent, *may be allowed* to become indebted to a larger amount . . . .' (Italics supplied.)

"It does not say '*shall* be allowed,' but '*may* be allowed,' indicating that the power conferred upon municipalities in this respect is not plenary and unconditional, but restrictive and subject to control by the legislature."

So, in the case at bar, the seventeenth amendment provides simply that the aggregate limitation or any specific limitation "may be" exceeded, not that the taxing districts *shall be* allowed to exceed it.

An annotation appearing in 91 A. L. R. 1021, following the report of the case of *Robb v. Tacoma, supra,* bears the heading: "Power of legislature to raise the constitutional minimum of favorable votes imposed upon adoption of special proposition submitted to voters." On that subject, the annotater says:

"Under constitutional provisions investing the legislature with discretion as to the submission of a special proposition to popular vote, it is generally held, in accordance with the position taken in the reported case (*Robb v. Tacoma* (Wash.) ante, 1010), that the legislature may require a vote in favor of the proposition in excess of the minimum specified in the Constitution before the law shall become effective."

In support of that statement, many cases are cited and liberal quotation made therefrom.

A later annotation, appearing in 106 A. L. R. 231, presents the topic "Power of legislature to add to or make more onerous the conditions or limitations prescribed by Constitution upon incurring public debts."

In his discussion of that topic, the annotater says:

"In accordance with the general principle stated above, the weight of authority supports the rule that the legislature may add to or make more onerous the requirements or conditions prescribed by the state Constitution with respect to obtaining the consent of the voters or residents before incurring a public indebtedness."

In support of that statement, a number of cases are cited, including *State ex rel. Craig v. Newport,* 70 Wash. 286, 126 Pac. 637, and *Robb v. Tacoma, supra.*

■■ Counsel in their briefs and argument have spoken much about "self-executing grants of power." In this connection, appellant takes the position that the seventeenth

amendment is a self-executing grant of power to a political subdivision of the state, and that the legislature cannot, by its enactment, limit or alter the scope or extent of the power thus granted, nor alter the manner in which it is to be exercised. On the other hand, respondents contend that this provision is not self-executing, but requires further legislation to make it effective.

It is our view that, regardless of its language, a constitutional provision does not confer upon local units of government the power to act independently of legislative control unless it clearly appears from such language that it was intended to confer upon such local unit some measure of home rule. The general rule is that municipal corporations —the "taxing districts" here involved—are creatures of, and subject to the regulation of, the legislature, and it seems clear that the seventeenth amendment was not intended to affect that principle. On the contrary, the history of the forty mill tax limit shows that it is intended to restrict the power of the legislature and local taxing districts alike to levy general property taxes. To hold a statute unconstitutional, as repugnant to the forty mill tax limit amendment, because it further restricts exceptions to the forty mill limit, would be, in our opinion, unreasonable.

For the reasons herein given, and upon the authorities hereinbefore cited, we are of the considered view that the seventeenth amendment is not a grant of power to the taxing district, but operates simply as a limitation upon the power of the legislature to enact laws; that the legislative act is not repugnant to the provisions of the seventeenth amendment and therefore is not unconstitutional; and that the legislature had the inherent right, within the purview of the amendment, to add to the requirements or conditions prescribed by the amendment with respect to the number of votes necessary to authorize the issuance of the bonds here involved.

The judgment of the trial court is affirmed.

BEALS, C. J., MILLARD, ROBINSON, SIMPSON, JEFFERS, and CONNELLY, JJ., concur.

MALLERY, J., dissents.