[No. 33099. *En Banc.* June 16, 1955.]

J. F. HENDERSON, *Respondent*, v. THE TOWN OF TUMWATER et al., *Appellants.*[1]

[1]Reported in 285 P. (2d) 119.

*Brodie & Fristoe*, for appellants.

*Lynch & Lynch*, for respondent.

*Hall, Cole & Lawrence, amicus curiae.*

MALLERY, J.—On March 9, 1954, the town of Tumwater, appellant herein, held a special election on the proposition of issuing one hundred ten thousand dollars of general obligation bonds for "municipal capital purposes." Seven hundred eight-five votes were cast, which was *between* forty and fifty per cent of the number cast at the last preceding general election. More than three fifths of the votes, four hundred sixty-seven in number, were *for* the bonds, the amount of which will make the indebtedness of the town of Tumwater exceed the constitutional limitation of one and one-half per centum of the total assessed valuation of the property therein. The bonds can not be paid out of the constitutional forty-mill tax levy and, therefore, make a special levy necessary. Their validity, if issued, is now before us.

Our specific question is: Can a vote of less than fifty per cent of that cast at the last preceding general election validate municipal bonds which (1) create a debt in excess of the constitutional limitation, and (2) must be paid by a special levy in excess of the forty-mill limitation, simply because they are for "capital purposes"?

Two constitutional provisions and two statutes are cited to us as being pertinent to our inquiry. Art. VIII, § 6, as

amended by amendment 27, of the state constitution, provides, *inter alia*:

"No . . . town . . . shall *for any purpose* become indebted in any manner to an amount exceeding one and one-half percentum of the taxable property in such . . . town . . . without the assent of three-fifths of the voters therein voting at an election to be held for that purpose, . . . ." (Italics ours.)

More than three fifths of the voters at the election assented to the bonds, and, thus, satisfied this constitutional requirement.

However, in 1925, the legislature added another requirement as a prerequisite to exceeding the constitutional debt limitation by requiring that

". . . the total vote cast upon such proposition shall exceed fifty per cent of the total number of voters voting in such municipality . . . at the general county or state election next preceding such bond election." Laws of 1925, chapter 13, § 1, p. 28 (Rem. Rev. Stat., § 5646-1 [*cf.* RCW 39.40.010]).

■ . This statute invalidates the bonds in question, because there were less than fifty per cent as many votes cast at the election in question as at the next preceding general election.

■ The legislature had a right to increase the constitutional requirement for such bonds. In *Union High School Dist. No. 1, Skagit County v. Taxpayers of Union High School Dist. No. 1, Skagit County,* 26 Wn. (2d) 1, 172 P. (2d) 591, we said:

"The [seventeenth] amendment, when referring to the *taxing district*, fixes a *minimum* requirement with respect to the number of votes necessary to authorize the issuance of general obligation bonds, but it does not expressly or impliedly restrict *the legislature's right* to impose other, or additional, requirements or limitations upon a district when seeking to incur a public debt. It fixes a *minimum* limit of restriction below which the legislature may not go, but it does not prescribe the *maximum* limitation which the legislature may adopt."

See, also, *Robb v. Tacoma*, 175 Wash. 580, 28 P. (2d) 327.

Appellant seeks to avoid the additional statutory requirement as to the number of persons voting by contending that this statute was repealed by implication by the Laws of 1951, 2d Ex. Ses., chapter 23, § 4, p. 98 [*cf.* RCW 84.52.056], which permits municipal bonds *for capital purposes* to be validated by a vote only forty per cent as large as that cast in the last preceding general election.

We stated the requirement of repeal by implication in *Kruesel v. Collin*, 171 Wash. 200, 17 P. (2d) 854, wherein we said:

"It is a cardinal rule of statutory construction that, where there are two or more statutes dealing with the same subject, they will be construed so as to maintain the integrity of both. Repeal by implication is not effected unless the terms of the later act are irreconcilable with the first. *State ex rel. Oregon R. & N. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7; *White v. North Yakima*, 87 Wash. 191, 151 Pac. 645."

Obviously, the rule is not applicable in the instant case. The constitutional *debt* limitation of one and one-half per cent of the assessed valuation, which is the subject of the 1925 statute here in question, has nothing to do with the forty-mill levy limitation, which is the subject of the seventeenth amendment and the Laws of 1951, *supra*, which appellant relies upon as having effected a repeal by implication. The purpose of bonds is immaterial if they violate the constitutional debt limitation, which can be exceeded only by an election having a fifty per cent voter participation of the last preceding general election.

Bonds which exceed (1) the constitutional *debt* limitation and also (2) the constitutional forty-mill levy must satisfy the prerequisites prescribed for *both*. Meeting the requirements of the second, which are lower than those of the *first*, is not enough.

The seventeenth amendment to the state constitution is to the same purport as the Laws of 1951 discussed above, and has the same relationship to the question here presented, namely, that it is directed to a limitation on mil-

lage and not a limitation on debt, and; hence; is not apropos to our problem.

The judgment is affirmed.

ALL CONCUR.